PEOPLE *v.* WILLIAMS.

1. CONSTITUTIONAL LAW—PUBLIC TRIAL—CRIMINAL LAW.

    All court sittings in prosecution for crime must be public (US Const, Ams 6, 14; Mich Const 1963, art 1, § 20; CLS 1961, § 600.1420).

2. SAME—PUBLIC TRIAL—ASSERTION OF RIGHT—RECORD—EXCLUSION OF PUBLIC.

    Mere assertion of violation of right to public trial *held,* insufficient to establish violation of right to public trial, without a showing in record that public was excluded or that trial in prosecution for crime was held in place other than courtroom for purposes of excluding public (US Const, Ams 6, 14; Mich Const 1963, art 1, § 20; CLS 1961, § 600.1420).

3. SAME—PUBLIC TRIAL—ROOM ADJOINING COURTROOM—EXCLUSION OF PUBLIC—OBJECTION.

    Constitutional guaranty of public trial in prosecution for crime *held,* not violated because trial was held in small room adjoining courtroom, where door from small room to courtroom was open, people in one part of courtroom could see into small room, and record does not disclose the trial was so held to exclude anyone, nor that anyone was actually excluded from courtroom, and defendant did not object to procedure (US Const, Ams 6, 14; Mich Const 1963, art 1, § 20; CLS 1961, § 600-.1420).

4. CRIMINAL LAW—GUILT PROVED BEYOND A REASONABLE DOUBT—NONJURY TRIAL.

    Court of Appeals will not substitute its judgment for that of trial judge, in nonjury statutory rape case, where he heard

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law §§ 257, 260.
[2]  21 Am Jur 2d, Criminal Law §§ 268, 269.
[3]  21 Am Jur 2d, Criminal Law § 267.
     Exclusion of public during criminal trial. 156 ALR 265, 48 ALR2d 1436.
[4]  5 Am Jur 2d, Appeal and Error §§ 702, 704, 900.

the witnesses and observed their demeanor and record contains evidence supporting finding of guilt (CLS 1961, § 750.520).

Appeal from Recorder's Court; Gillis (Joseph A.), J. Submitted Division 1 March 1, 1966, at Detroit. (Docket No. 929.) Decided May 11, 1966. Rehearing denied June 28, 1966.

Eugene Williams was convicted of statutory rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Mayer & Mayer* (*Thomas C. Mayer,* of counsel), for defendant.

QUINN, J. Defendant was charged with carnal knowledge of a female minor. CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788). He waived jury trial and was tried by the judge, convicted, and sentenced. He raises two questions on this appeal, namely: was he denied a public trial as guaranteed by State and Federal Constitutions and was his guilt proved beyond a reasonable doubt?

The trial was held in a small room adjoining the courtroom. Defendant did not object. The door from the small room to the courtroom was open. People in one part of the courtroom could see into the small room. The record does not disclose the trial was so held to exclude anyone, nor does it indicate anyone was actually excluded from the trial.

The constitutional guaranty of public trial is not and cannot be questioned. Const 1963, art 1, § 20; US Const, Am 6 and Am 14. The legislature has ordained that all court sittings be public. CLS

1961, § 600.1420 (Stat Ann 1962 Rev § 27A.1420). Our courts have protected the right whenever violation has been shown. *People* v. *Murray* (1891), 89 Mich 276 (14 LRA 809, 28 Am St Rep 294); *People* v. *Yeager* (1897), 113 Mich 228; *People* v. *Micalizzi* (1923), 223 Mich 580. Mere assertion of the right does not establish the violation, however. Without a showing that the public was excluded or that trial was held in a place other than the courtroom for the purpose of such exclusion, there is no showing that defendant was not afforded a public trial. There is no such showing on this record.

There is evidence in the record of defendant's sexual relations with the female minor and that she gave birth to a child. The minor was 13 years of age at the time of the alleged offense. This Court will not substitute its judgment for that of the trial judge who heard the witnesses and observed their demeanor when the record contains evidence that supports the finding of the trial court. *People* v. *Stevens* (1965), 1 Mich App 673.

Affirmed.

McGregor, P. J., and Holbrook, J., concurred.