PEOPLE *v.* RITZEMA.

1. EVIDENCE—INCONSISTENCIES IN TESTIMONY—CREDIBILITY.
   Inconsistencies between testimony must be resolved by the trier of facts and is affected by the credibility of witnesses, such being a matter to be determined by the trier of facts, who hears and sees the witnesses and is best able to determine the weight to be accorded the various testimony.

2. SAME—NONJURY CASES—CONFLICTING TESTIMONY—WEIGHT OF EVIDENCE.
   The weight accorded conflicting testimony in a nonjury criminal case is in the province of the trial court.

3. CRIMINAL LAW—NONJURY TRIAL—CREDIBILITY OF WITNESSES— EVIDENCE—APPEAL—REASONABLE DOUBT.
   The credibility of witnesses is a matter for the trial judge when sitting without a jury and the finding of guilty by the trial judge in a criminal case will not be disturbed upon appeal unless the Court is satisfied that the guilt of the accused was not established beyond a reasonable doubt.

———————

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur, Evidence § 1216.
[2] 5 Am Jur 2d, Appeal and Error § 883.
[3–5] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*

4. APPEAL AND ERROR—NONJURY CASES—PREPONDERANCE OF EVI-
DENCE.

 The Court of Appeals will not reverse the judgment of a trial
court in a nonjury case on a finding of fact unless the evidence
clearly preponderates in a direction opposite to the finding by
the trial court.

5. CRIMINAL LAW—WEIGHT OF EVIDENCE—QUESTION OF FACT—NEG-
LIGENT-HOMICIDE.

Claim of defendant in appeal from conviction without a jury of
negligent homicide that the decision of the court was not in
accordance with the weight of the evidence held, not well taken,
where the record discloses conflicts in testimony to the extent
that an issue of fact was joined requiring resolution by the
trial court (CL 1948, § 750.324).

Appeal from Superior Court of Grand Rapids;
Vander Ploeg (Claude), J. Submitted Division
3 May 11, 1966, at Grand Rapids. (Docket No.
449.) Decided June 28, 1966.

Jack Alvin Ritzema was convicted of negligent
homicide. Defendant appeals. Affirmed.

 Frank J. Kelley, Attorney General, Robert A.
Derengoski, Solicitor General, James K. Miller,
Prosecuting Attorney, and Norman K. Kravitz,
Assistant Prosecuting Attorney, for the people.

 Wierenga & Sevensma (Andrew Wierenga, of
counsel), for defendant.

FITZGERALD, J.   Jack Alvin Ritzema appeals a
conviction in the Superior Court of Grand Rapids
on a charge of negligent homicide involving a motor
vehicle in violation of CL 1948, § 750.324 (Stat Ann
1954 Rev § 28.556).

 Defendant was represented by counsel and ex-
pressly waived a jury trial in this matter. The
charge against defendant arose from an accident

which occurred on January 1, 1964, shortly before 1 a.m. at the intersection of Ionia avenue and Coldbrook street in the city of Grand Rapids, in which the driver of the other automobile was killed.

On appeal, appellant contends that the evidence did not support a finding of guilty beyond a reasonable doubt, and that his testimony is uncontroverted by any testimony on the part of the prosecution. Summing these all up, he states that the decision of the court was not in accordance with the weight of the evidence.

A thorough examination of the record refutes his contention that his testimony was uncontroverted. Throughout the trial, witnesses were produced for the prosecution who, in many instances, testified to facts in direct opposition to defendant's versions of the accident. Witnesses for the people testified that appellant was driving on Ionia avenue, appellant testified he was driving on Coldbrook street. Similar inconsistencies in testimony appear throughout the record, many of them directly opposite to appellant's testimony. We can only say that if this testimony does not "controvert" appellant's testimony, it at least conflicts with it to the extent that an issue of fact was joined requiring resolution by the trial court.

As was stated in *People* v. *Williams* (1965), 1 Mich App 441, 443, "Bare inconsistencies must be resolved by the trier of the facts. The testimony presented in any case is affected by the credibility of witnesses and such is a matter to be determined by the trier of facts who hears and sees the witnesses and is best able to determine the weight to be accorded the various testimony." (Citing cases.)

Relative to the weight placed upon the testimony by the court, and whether the decision of the Court was not in accordance with the weight of the evi-

dence, we believe that little benefit would be derived from extracting large portions of the transcript. The weight accorded conflicting testimony is in the province of the trial court. *People* v. *Blanchard* (1904), 136 Mich 146. It is obvious that the court, considering credibility and the facts as presented, believed the witnesses for the People. This is properly within the court's province.

No better statement of this principle can be found than in the case of *People* v. *Geddes* (1942), 301 Mich 258, 261, wherein it was said, "The credibility of the witnesses is a matter for the trial judge when sitting without a jury and the finding of guilt by a trial judge in a criminal case will not be disturbed upon appeal unless this court is satisfied that the guilt of the accused was not established beyond a reasonable doubt." (Citing cases.)

This Court will not reverse the judgment of the trial court unless evidence clearly preponderates in a direction opposite to the finding of fact by the trial court. *People* v. *White* (1965), 2 Mich App 104. No such showing is made on the record before us.

Affirmed.

HOLBROOK, P. J., and J. H. GILLIS, J., concurred.