PEOPLE *v*. ACOSTA

1. CRIMINAL LAW—JURY SELECTION—APPEAL AND ERROR—PRESERVING QUESTION FOR REVIEW.

Expression by defense counsel of satisfaction with the jury at the close of the *voir dire* examination waives any error by the trial court in refusing to ask the prospective jurors certain questions requested by defense counsel.

2. CRIMINAL LAW—EVIDENCE—SUPPRESSION BY POLICE.

Refusal of the police to permit defendant or his counsel access to certain evidence, a quantity of pills, until the day trial began, *held* not reversible error when the defense did not seek the aid of the court to obtain the evidence earlier, did not request an adjournment because of the late receipt of the evidence, did not ask for a mistrial, and did not have the evidence analyzed or offered at the trial.

3. HOMICIDE—FIRST-DEGREE MURDER—INTENT.

The crime of first-degree murder is not a specific intent crime (CL 1948, § 750.316).

Appeal from Oakland, William R. Beasley, J. Submitted Division 2 February 5, 1969, at Lansing. (Docket No. 4,729.) Decided February 27, 1969. Rehearing denied April 7, 1969.

Porfidio Ray Acosta was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,*

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 628.
[2] 29 Am Jur 2d, Evidence § 276.
[3] 40 Am Jur 2d, Homicide § 10.

Prosecuting Attorney, *Dennis Donohue*, Chief Appellate Counsel, and *Bruce T. Leitman*, Assistant Prosecuting Attorney, for the people.

*Powell, Peres, Carr & Jacques*, for defendant.

BEFORE: Quinn, P. J., and McGregor and V. J. Brennan, JJ.

Per Curiam. Defendant appeals his jury trial conviction of first-degree murder and life sentence on 4 grounds.

The first error asserted is the refusal of the trial judge to ask certain questions requested by defendant on *voir dire* examination of the jury. The defendant announced satisfaction with the jury at the close of the *voir dire* examination. If there was any error in refusing to put the requested questions, it was waived. *People* v. *Lambo* (1967), 8 Mich App 320.

Over defendant's objection, 2 photographs of the victim were admitted at trial. Defendant says this was reversible error. *People* v. *Becker* (1942), 300 Mich 562 (139 ALR 1171), *People* v. *Freeman* (1965), 1 Mich App 63, and *People* v. *Clark* (1967), 5 Mich App 672, all hold contrary to defendant's position.

Defendant's contention that the police suppressed certain evidence, a quantity of pills, is not accurate. This evidence was furnished defendant on day of trial by the prosecution, although the police had refused to give defendant the evidence prior thereto. Defendant did not seek the aid of the court to obtain the evidence. He did not request an adjournment because of the late receipt of this evidence; he did not ask for a mistrial; nor did he have the evidence analyzed or offered in evidence. No reversible error is shown.

Finally, defendant contends reversible error was committed by the trial judge's refusal to give requested instructions and his failure to instruct on intent. The requests were not proper on this record. The crime of first-degree murder is not a specific intent crime, *People* v. *Guillett* (1955), 342 Mich 1, and there is no proof of defendant's insanity. The court did instruct generally on intent.

Affirmed.