PEOPLE v. JETER

1. RAPE—INTENT—TESTIMONY—WEIGHT.
   The weight to be accorded to defendant's testimony in a non-jury prosecution for rape that he did not have the requisite criminal intent when the crime was committed because of his consumption of alcohol and drugs is within the province of the trial court (MCLA § 750.520).

2. APPEAL AND ERROR—NONJURY CASES—PREPONDERANCE OF EVIDENCE.
   The Court of Appeals will not reverse the judgment of a trial court on a finding of fact unless the evidence clearly preponderates in a direction opposite the trial court's finding.

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 January 6, 1970, at Detroit. (Docket No. 6,624.) Decided January 27, 1970.

Robert Jeter was convicted of rape. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Samuel J. Torina*, Chief Appellate Lawyer, and *Luvenia D. Dockett*, Assistant Prosecuting Attorney, for the people.

*H. Franklin Brown*, for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 44 Am Jur, Rape §§ 100, 111.
[2] 5 Am Jur 2d, Appeal and Error §§ 833, 838.

PER CURIAM.  Defendant was convicted in a non-jury trial of committing rape.  MCLA § 750.520 (Stat Ann 1954 Rev § 28.788).  On appeal, defendant argues (1) that the record fails to show that the prosecutrix exercised the required degree of resistance against her alleged attacker; (2) that, due to prior consumption of alcohol and drugs, defendant did not possess the requisite criminal intent at the time of the alleged offense; and (3) that the trial court erred in refusing to hear defense counsel's argument on the question of defendant's intent.

A review of the record reveals that sufficient competent evidence was presented at trial to support the court's determination that the defendant was guilty of rape beyond a reasonable doubt.  Considered in its entirety, the testimony of the prosecutrix, if believed, shows that her will was overcome by fear of the defendant.  See *People* v. *Myers* (1943), 306 Mich 100; *People* v. *McComb* (1969), 16. Mich App 757.  The trial judge heard all the testimony and was free to reject defendant's testimony as to his condition at the time of the offense, to accord it little weight, or to find against defendant in spite of his testimony.  *People* v. *Ritzema* (1966), 3 Mich App 637.  This Court will not reverse the judgment of the trial court on a finding of fact, unless the evidence clearly preponderates in a direction opposite the finding by the trial court. *People* v. *Doris White* (1965), 2 Mich App 104.  No such showing was made on the record before us.

Defendant's third assignment of error is without foundation in the record.  The record reveals that defense counsel did, in fact, present argument to the court on defendant's intent.

Affirmed.