PEOPLE *v.* KING

This case is controlled by *People* v. *Ramsey* (1971), 385 Mich 221.

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and Quinn and V. J. Brennan, JJ., affirming Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted May 7, 1971. (No. 29 April Term 1971, Docket No. 52,808.) Decided July 7, 1971.

23 Mich App 16 reversed.

William Preston King was convicted of assault with intent to do great bodily harm less than murder. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (State Appellate Defender), for defendant on appeal.

SWAINSON, J. Defendant William Preston King was charged with assault with intent to commit

murder.[1] The charge arose from a fight in a crowded barroom. During the fight, complainant, Emmett Williams, was allegedly shot by defendant. The trial court, sitting without a jury, convicted defendant of assault with intent to do great bodily harm less than murder.[2] The defendant was sentenced to 9-1/2 to 10 years in prison. Defendant's motion for new trial was denied, and the Court of Appeals affirmed his conviction. (23 Mich App 16.) We granted leave to appeal. (384 Mich 757.)

During the trial, the following brief colloquy took place between the assistant prosecutor and the court:

*"Mr. Tatken:* May I have the transcript of the examination?

*"The Court:* Yes, as soon as I finish it."

We have held in *People* v. *Ramsey* (1971), 385 Mich 221, that it is reversible error for the trial court, without regard to the statutory provisions of MCLA § 768.26 (Stat Ann 1954 Rev § 28.1049), to examine the contents of the transcript of the preliminary examination. Therefore, for the reasons given in the *Ramsey* case we reverse the conviction of defendant in the instant case and remand for new trial.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, and WILLIAMS, JJ., concurred with SWAINSON, J.

---

[1] MCLA § 750.83 (Stat Ann 1962 Rev § 28.278).—REPORTER.
[2] MCLA § 750.84 (Stat Ann 1962 Rev § 28.279).—REPORTER.