PEOPLE v WALTER

RAPE—NONJURY TRIAL—PRELIMINARY EXAMINATION—TRANSCRIPT—
CONFRONTATION.

> The judge hearing a defendant's trial for rape without a jury may
> examine those portions of the transcript of the preliminary
> examination used by defense counsel for impeachment of the
> complaining witness without denying the defendant his right of
> confrontation of witnesses.

Appeal from Berrien, Chester J. Byrns, J. Submitted Division 3 April 12, 1972, at Grand Rapids. (Docket No. 12258.) Decided May 26, 1972.

Keith E. Walter was convicted of assault with intent to commit rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, *John A. Smietanka,* Assistant Prosecuting Attorney, for the people.

*John E. Dewane,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and R. B. BURNS and DANHOF, JJ.

R. B. BURNS, J. Defendant waived a jury trial and was tried by a judge on the charge of rape. The trial judge found defendant guilty of assault with intent to commit rape.[1]

REFERENCE FOR POINTS IN HEADNOTE

44 Am Jur, Rape § 64 et seq.

[1] MCLA 750.85; MSA 28.280.

In his request for reversal, defendant urges application of the rule promulgated by our Supreme Court's decision of *People v Ramsey,* 385 Mich 221 (1971). The *Ramsey* decision involved the constitutional right of confrontation[2] possessed by all who are accused of criminal conduct. Under the *Ramsey* rationale the right of confrontation is denied when a trial judge, sitting without a jury, "glances" at a preliminary examination transcript which cannot be utilized as evidence in the trial. The indiscriminate examination of the preliminary examination transcript noted in *People v King,* 385 Mich 274 (1971), resulted in the first appellate application of the *Ramsey* decision. Because of difficulties of proof an "absolute" rule of reversal was adopted by the Court in *Ramsey.* A mere "glance" at the preliminary transcript mandates reversal and the remanding for a new trial.

The "glance" by the trial judge in this case, however, presents an entirely different situation. Unlike the *King* and *Ramsey* cases, we find no indiscriminate perusal of the transcript by the trial judge. The only portion of the transcript examined by the trial judge, according to the briefs and records of this case, is that portion inserted into evidence by the defendant himself. Defense counsel utilized the preliminary examination transcript in attempting to impeach the prosecution's complaining witness. The trial judge merely read that portion of the transcript defense counsel utilized for purposes of impeachment. The Supreme Court has sanctioned the use of preliminary examination testimony for impeachment purposes.[3] *Ramsey* cannot be read to abrogate this

---

[2] US Const, Am 6; Const 1963, art 1, § 20.

[3] See 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 537, pp 641–642.

precedent. Defendant was not denied rights of confrontation and cross-examination. On the contrary, he was exercising those very rights when attempting to impeach the complaining witness.

Defendant's contention of prosecutorial impropriety was not considered by the trial court because of defendant's failure to object. Such failure, in the absence of manifest injustice, precludes review. *People v Gill,* 12 Mich App 383 (1968).

Was the finding by the trial judge clearly erroneous? We conclude that it was not. The case revolved around the question of credibility. The trial judge chose to believe the relatively unimpeached testimony of the complaining witness over that of the defendant. The trial judge has an advantage in determining questions of credibility. GCR 1963, 517.1. In this case we are convinced that his decision was not clearly erroneous.

Affirmed.

All concurred.