## PEOPLE v GARCIA

1. CRIMINAL LAW—NONJURY CASES—FINDINGS OF FACT.

A trial judge in a nonjury criminal case is obliged to state his findings of fact so that it is possible to ascertain the law applied by him.

2. CRIMINAL LAW—NONJURY CASES—FINDINGS OF FACT.

A defendant in a nonjury criminal case may not point to an isolated portion of a trial judge's findings of fact to support his argument that the judge committed reversible error; it is impermissible to simply take excerpts from the judge's findings and they should be considered in their complete context.

3. HOMICIDE—MURDER—SPECIFIC INTENT.

Murder is not a specific intent crime in the sense that the formulation and entertainment of that *specific intent* is an essential ingredient of the corpus delicti of the charged crime.

4. CRIMINAL LAW—APPEAL AND ERROR—NONJURY CASES—FINDINGS OF FACT—PREPONDERANCE OF EVIDENCE.

The Court of Appeals is reluctant to interfere with the determination of the trier of fact in nonjury criminal cases unless the evidence clearly preponderates to the contrary.

5. CRIMINAL LAW—APPEAL AND ERROR—NONJURY CASES—WITNESSES—CREDIBILITY—EVIDENCE.

The Court of Appeals will not substitute its judgment of the credibility of witnesses for that of a trial judge or weigh conflicting evidence where the trial judge is the trier of fact in a nonjury criminal case.

6. CRIMINAL LAW—NONJURY CASES—PRELIMINARY EXAMINATION—TRANSCRIPT—STATUTES.

It is reversible error for a trial court sitting without a jury to refer to the transcript of testimony taken at the preliminary

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4, 5] 21 Am Jur 2d, Criminal Law §§ 20, 89–91, 93.
[3] 40 Am Jur 2d, Homicide § 10.
[6–9] 21 Am Jur 2d, Criminal Law §§ 3, 440–451.

examination in the case except under the exceptions provided by statute (MCLA 768.26).

7. CRIMINAL LAW—NONJURY CASES—PRELIMINARY EXAMINATION—
   TRANSCRIPT.

   A trial judge, sitting as trier of fact, may read the transcript of testimony taken at the preliminary examination in the case where the parties stipulated that the transcript be read for a limited purpose of assisting the judge in evaluating a psychiatrist's testimony at the trial.

8. CRIMINAL LAW—NONJURY CASES—PRELIMINARY EXAMINATION—
   TRANSCRIPT—TRIAL STRATEGY.

   A stipulation by defense counsel to allow a trial judge, sitting as trier of fact, to read the transcript of testimony taken at the preliminary examination in the case could constitute a conscious choice of trial strategy on the part of defendant's attorney.

9. CRIMINAL LAW—NONJURY CASES—PRELIMINARY EXAMINATION—
   TRANSCRIPT—PREJUDICE—ASSISTANCE OF COUNSEL.

   The failure of defense counsel to object to the reading for a limited purpose of the transcript of testimony taken at the preliminary examination in the case by the trial judge, sitting as trier of fact, did not constitute prejudicial error requiring automatic reversal on appeal where the record shows that the defendant was afforded the effective assistance of counsel, and defense counsel had stipulated to the reading as a conscious choice of trial strategy.

Appeal from Lenawee, Rex B. Martin, J. Submitted Division 2 December 5, 1973, at Lansing. (Docket No. 14586.) Decided January 14, 1974. Leave to appeal applied for.

Henry Garcia was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney, for the people.

*Richard L. Ruby* and *Norris J. Thomas, Jr.,* Assistants State Appellate Defender, for defendant.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

O'HARA, J. This is an appeal by leave from defendant's nonjury conviction of first-degree murder.[1] MCLA 750.316; MSA 28.548.

He initially argues that the trial judge committed reversible error in finding him guilty of first-degree murder because he was too intoxicated to form the requisite specific intent. He contends that since the trial judge stated that he was convinced that defendant would not have committed the act if he had been sober his verdict of first-degree murder was contrary to his finding of fact.

Upon a careful reading of the able and experienced trial judge's opinion dictated from the bench we note the meticulous care with which he examined testimony as to the circumstances surrounding the double homicide. After stating why he found particular testimony credible and worthy of belief and the statements of certain witnesses, including defendant, highly suspect for various reasons, he concluded that the people had met their burden of proving defendant had the requisite intent by more than adequate record support.

We note also that there have been contradictory holdings with respect to the necessity of trial judges making findings of fact in nonjury criminal cases. *Cf. People v Thomas,* 387 Mich 368; 197 NW2d 51 (1972) and *People v Jackson,* 390 Mich 621; 212 NW2d 918 (1973). The definitive controlling holding at present is that the trial judge is obliged to state such findings so that it is possible to

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Defendant appealed previously and his conviction was affirmed. *See People v Garcia,* 33 Mich App 598; 190 NW2d 347 (1971).

ascertain the law applied by the fact finder. *Jackson, supra.*

Further it is impermissible to simply take excerpts from his findings. They should be considered in their complete context:

"I am convinced he wouldn't have killed them, either one of them, if he'd been sober. I don't think there's any question in my mind about that. I am convinced he was not so drunk as to have lost the ability to have malice, that malice arose in his heart and his mind. In fact, I think the drinking released the controls on the suppressed malice. That the court is convinced that he was not so drunk as to be unable to plan ahead to do what he did. I am satisfied beyond a reasonable doubt that all the elements of first-degree murder have been proved. The court would find him guilty of that offense."

Additionally in unswerving holdings since *People v Garbutt,* 17 Mich 9 (1868), the Supreme Court,[2] followed in the main by this Court,[3] has made clear that murder is not a specific intent crime in the sense that the formulation and entertainment of that *specific intent* is an essential ingredient of the corpus delicti of the charged crime.

This Court has long expressed its reluctance to interfere with the determination of the trier of fact in nonjury cases unless the evidence clearly preponderates to the contrary. *People v Ritzema,* 3 Mich App 637; 143 NW2d 129 (1966); *People v Jeter,* 21 Mich App 158; 175 NW2d 39 (1970). Nor will we substitute our judgment of the credibility of witnesses for that of the trial judge or weigh

---

[2] *People v Guillett,* 342 Mich 1; 69 NW2d 140 (1955).

[3] *People v Acosta,* 16 Mich App 249; 167 NW2d 897 (1969). *Cf. People v Sharp,* 9 Mich App 34; 155 NW2d 719 (1967) which holds to the contrary without cited authority. *See also People v Ora Jones,* 45 Mich App 373; 206 NW2d 453 (1973).

conflicting evidence. *People v Szymanski,* 321 Mich 248; 32 NW2d 451 (1948); *People v Bennett,* 3 Mich App 326; 142 NW2d 465 (1966); *People v Williams,* 3 Mich App 272; 142 NW2d 43 (1966). His rejection or the according of little weight to defendant's testimony was properly within his province as trier of fact. Our examination of the entire record demonstrates that there was sufficient evidence, if believed, to support the judgment of conviction beyond a reasonable doubt.

Defendant argues that it is clearly reversible error under *People v Ramsey,* 385 Mich 221; 187 NW2d 887 (1971), and *People v King,* 385 Mich 274; 188 NW2d 538 (1971), for the trial judge, sitting as trier of fact to read the preliminary examination transcript. He argues that this error is not mitigated by stipulation of the parties and that such stipulation by counsel effectively deprived defendant of his right to a fair trial. Plaintiff argues that the rule pronounced in *Ramsey* and *King* does not apply here because the parties agreed to allow the trial judge to look at the preliminary examination transcript for the sole purpose of aiding his evaluation of the psychiatrist's testimony.

The Supreme Court held in *Ramsey, supra,* that as an absolute rule it is reversible error for the trial court sitting without a jury to refer to the transcript of testimony taken at the preliminary examination except under the exceptions provided by MCLA 768.26; MSA 28.1049 which states:

"Testimony taken at an examination, preliminary hearing, or at a former trial of the case, or taken by deposition at the instance of the defendant, may be used by the prosecution whenever the witness giving such testimony can not, for any reason, be produced at the trial, or whenever the witness has, since giving such

testimony become insane or otherwise mentally incapacitated to testify."

It should be noted, however, that an additional fact appears in this case which was not raised nor considered by the Court deciding *Ramsey* and *King,* and that is the matter of *stipulation by the parties that the transcript be read for a limited purpose.* The trial judge below stated that he was reading the transcript for the sole purpose of assisting him in evaluating the psychiatrist's testimony. This testimony was read to shed some light on defendant's mental condition with reference to his intoxication defense. On no less than two occasions did defense counsel expressly state he had no objections to the trial judge perusing the involved transcript. In *People v Walter,* 41 Mich App 109; 199 NW2d 651 (1972), this Court reaffirmed the Supreme Court's holding that the "indiscriminate perusal" of the transcript by the trial judge denied defendant his right of confrontation. Under the facts in *Walter,* though, this Court found no such violation since the trial judge examined only that portion of the transcript introduced in evidence by the defendant himself for impeachment purposes. Examination of the preliminary examination transcript by the judge sitting as trier of fact has been upheld where the examination was limited to impeachment purposes and the parties had stipulated that such examination be made. *People v Dorsey,* 45 Mich App 230; 206 NW2d 459 (1973). Similarly, since the statute limiting the use of testimony taken at a former hearing is designed to protect defendant's right to confrontation, and this right may be waived, *People v Murray,* 52 Mich 288; 17 NW 843 (1883), it inexorably follows that the stipulation by defendant's counsel to allow the trial judge to read the

transcript could constitute a conscious choice of trial strategy on the part of defendant's attorney in accordance with appellant's theory that he did not entertain the requisite intent at the time of the homicides.[4] On this record, we hold it was. Whether we on review would agree or disagree with the trial actions or tactics in a given case is normally an academic point because there are few choices as to which most attorneys would universally approve.

The defendant next argues on appeal that the failure of defense counsel to object to the reading of the transcript constituted such prejudicial error that this Court should automatically reverse. *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969).

In *People v Lawrence,* 32 Mich App 591, 593–594; 189 NW2d 48, 50 (1971), we construed the *Degraffenreid* rule as follows:

"From the time this Court enunciated the so-called *'Degraffenreid* rule', it has become one of the most frequently cited and most misunderstood of our decisions. *Degraffenreid* should not be read by the bar to mean that because an objection could have been made or that some right was waived that this necessarily indicates incompetence of counsel or prejudice to the defendant. As the ones to whom the conduct of the trial and the choice of strategy have been entrusted, trial counsel may reasonably believe it advantageous, at times, to forego exercising certain rights for tactical reasons. On appeal it behooves us not to play the part of the Sunday morning quarterback and to second-guess him.

---

[4] This Court has held it neither was reversible error nor a violation of *Ramsey* for the trial judge in a bench trial to examine the transcript of an evidence suppression hearing when conducting a midtrial *Walker* hearing since the testimony was introduced for entirely different purposes and the attorneys both stated they had no objections to the trial judge examining the transcript. *See People v Boyd,* 49 Mich App 388; 212 NW2d 333 (1973).

"Usually omitted from appellants' quotations of *Degraffenreid* is the limiting and cautionary language that is often repeated in the opinion.

" 'Most post-conviction claims of disgruntled clients are indeed insubstantial.' *Degraffenreid, supra* [p 711; 173 NW2d at 321].

"We would not be understood by what we have said here to dilute the *Degraffenreid* doctrine. We mean rather that it should be carefully read before reversible error is claimed on the grounds of the incompetence of counsel. Such incompetence must be grave indeed to be raised to the constitutional level of no assistance of counsel."

Based upon our review of the record we conclude defendant was afforded the effective assistance of counsel.

For the reasons herein stated, we affirm.

All concurred.