PEOPLE v PENDELTON

Opinion of the Court

1. Criminal Law—Evidence—Identification—Confrontation—
Reasonable Doubt.

An appellate court must reverse a conviction and order a new trial where it finds that evidence of an in-court identification after an alleged prejudicial out-of-court confrontation at the scene of the crime was erroneously admitted at trial but need not reverse where it has no misgivings in declaring unequivocally that beyond a reasonable doubt the out-of-court confrontation did not affect the outcome of the case.

Concurrence by N. J. Kaufman, J.

2. Criminal Law—Evidence—Identification—On-the-Scene Identification—Constitutional Law—Federal Precedent.

*On-the-scene face-to-face identifications, as opposed to lineups, are not per se unconstitutional and, according to Federal precedent, are legal so long as they are not unnecessarily suggestive and conducive to irreparable mistaken identification.*

3. Criminal Law—Evidence—Identification—On-the-Scene Identification—Suggestiveness—In-Court Identification—Taint.

*Admission of evidence of an allegedly suggestive on-the-scene identification in a criminal trial is not reversible error where it appears from the record that an in-court identification independent of and untainted by the out-of-court identification was made.*

Appeal from Muskegon, Charles A. Larnard, J. Submitted Division 3 January 13, 1975, at Grand Rapids. (Docket No. 18856.) Decided February 13, 1975.

Reference for Points in Headnotes
[1–3] 21 Am Jur 2d, Criminal Law §§ 334, 341.
Fingerprints, palm prints, or bare footprints as evidence, 28 ALR2d 1115

Walter R. Pendelton was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Richard J. Parsarela,* Prosecuting Attorney, and *David F. Folkert,* Assistant Prosecuting Attorney, for the people.

*Fredric F. Balgooyen,* for defendant on appeal.

Before: ALLEN, P. J., and N. J. KAUFMAN and O'HARA,* JJ.

PER CURIAM. This is an appeal of right from defendant's conviction by the trial judge, sitting without a jury, on the charge of breaking and entering with intent to commit larceny. MCLA 750.110; MSA 28.305.

The point at issue is legal. There is no substantial factual dispute.

Two totally uninvolved citizen witnesses separately and individually heard glass breaking. They were near enough to the burglarized premises to hear the glass broken and to see a man wearing a stocking cap and a black leather coat running in the immediate vicinity of the victimized business establishment.[1] Each witness summoned the police who responded almost at once. The burglary took place at approximately 11:30 p.m.

The police arrested the defendant about ten minutes later. He was wearing a blue and white stocking cap and a black leather coat. He was

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] One of the witnesses observed the intruder exit from the burglarized premises via the shattered front window.

apprehended at a point no more than five blocks from the burglarized premises. They searched him and discovered paper currency of small denominations, some change, and a bottle of Heublein's Daiquiri Mix.[2]

The police required defendant to return to the scene of the burglary where one of the reporting witnesses made an on-the-scene identification. The other was not requested to do so.

The defense moved to strike the in-court identification because the confrontation at the time of the arrest was unconstitutional. Defendant relies on *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973), particularly as it interpreted *Stovall v Denno,* 388 US 293; 87 S Ct 1967; 18 L Ed 2d 1199 (1967); *Simmons v United States,* 390 US 377; 88 S Ct 967; 19 L Ed 2d 1247 (1968); *Gilbert v California,* 388 US 263; 87 S Ct 1951; 18 L Ed 2d 1178 (1967); and *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967), among others.

*Anderson, supra,* is a very long opinion. It discusses many issues not here involved. It does, however, deal basically with the total concept of misidentification and safeguards against it.

We are bound by its guidelines. We feel that subdivision 5 of the identification rules controls:

"5. On appeal, if the court finds that the evidence was erroneously admitted under the above standards, the court must reverse the conviction and order a new trial unless it is able to declare beyond a reasonable doubt that the in-court identification did not affect the verdict." *Anderson* at 169.

---

[2] At trial, the proprietor of the pharmacy testified, that, as a result of the burglary, bills of small denominations, quarters (the type of coins found on defendant's person) and a bottle of Heublein Daiquiri Mix were missing.

We have no misgivings in declaring unequivocally that beyond a reasonable doubt the in-court identification after the alleged prejudicial out-of-court confrontation at the scene of the burglary did not affect the outcome of this case.

In sum, this is fundamentally a case of weight and credibility of a witness's testimony. It was properly for the trier of the facts. We are not at liberty to substitute our judgment for his. *People v Garcia,* 51 Mich App 109; 214 NW2d 544 (1974).

Affirmed.

N. J. KAUFMAN, J. *(concurring in result).* I concur in the result, but I found my decision on a legal basis different from that utilized by my brothers. I believe that their application of subdivision 5 of the *People v Anderson* guidelines was inappropriate.[1] The test applied to this case was guideline number 5 of the *Anderson* pretrial identification rules:

"on appeal, if the court finds that the evidence was erroneously admitted under the above standards, the court must reverse the conviction and order a new trial unless it is able to declare beyond a reasonable doubt that the in-court identification did not affect the verdict."[2]

This is essentially a "harmless error" standard. By applying this test, my brothers are, perforce, assuming that error existed, that the on-the-scene identification of defendant by a witness was illegal.

The legality of on-the-scene identifications has never been clearly decided in this jurisdiction. The one Michigan case most nearly in point, *People v Cartwright,* 26 Mich App 687; 182 NW2d 811

---

[1] *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973).

[2] *Id.* at 169; 205 NW2d at 467.

(1970), followed the U. S. Supreme Court decision in *Stovall v Denno,* 388 US 293; 87 S Ct 1967; 18 L Ed 2d 1199 (1967). *Stovall* held that although face-to-face confrontations, as opposed to lineups, are to be discouraged, they are not *per se* unconstitutional. According to *Stovall,* the confrontation is legal so long as it is not "so unnecessarily suggestive and conducive to irreparable mistaken identification". *Id.* at 302; 87 S Ct at 1972; 18 L Ed 2d at 1206. *Cartwright,* however, involved a witness who saw the defendant but was not asked to identify him at the scene. *People v Anderson, supra,* does not really apply to the instant case except for its examination of on-the-scene confrontations, in dicta, only as they relate to the accused's right to counsel, not to the suggestiveness of the procedure or to its due process implications. In that context, *Anderson* cites the leading case, *Russell v United States,* 133 US App DC 77, 408 F2d 1280 (1969), as stating a justification for the absence of counsel at an identification procedure.[3] *Russell* has recently come under critical attack by some who feel that such confrontations are inherently suggestive. See, *e.g.* Grano, *Do Any Constitutional Safeguards Remain Against the Danger of Convicting the Innocent,* 72 Mich L Rev 717, 733–738 (1974), Note, *Pretrial Right to Counsel,* 26 Stanford L Rev 399, 412–413 (1974).

We do not, however, need to reach the issue of the suggestiveness of the on-the-scene identification. Even if evidence of that identification were quashed, it appears from the record that the in-court identification would have been admissible as being independent of and untainted by the out-of-court identification, *People v Hallaway,* 389 Mich 265; 205 NW2d 451 (1973).

---

[3] *Id.* at 187, Fn. 23; 205 NW2d at 476 Fn. 24.