PEOPLE v BETHEA

1. CRIMINAL LAW—EVIDENCE—QUESTIONING BY PROSECUTOR—PSYCHI-
ATRIST—FAIR TRIAL.

Questions asked by a prosecutor of a psychiatrist were admissible
and a defendant was not denied a fair trial, where the ques-
tions were not asked to elicit evidence of guilt but to examine
the basis of the defendant's sanity.

2. CRIMINAL LAW—PROSECUTOR'S CLOSING ARGUMENT.

Statements made in a prosecutor's closing argument which were
related to the evidence in the case were proper.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—APPELLATE REVIEW—FAIL-
URE TO OBJECT—PRESERVING QUESTION—MISCARRIAGE OF JUS-
TICE.

An instruction to the jury, in the absence of objection, will not be
subject to appellate review unless a miscarriage of justice
occurs.

4. CRIMINAL LAW—EVIDENCE—SANITY—LAY WITNESS—ADMISSIBILITY
—WEIGHT.

Lay witness testimony regarding the sanity of a defendant in a
criminal case involves a question of weight to be given the
evidence rather than one of admissibility; therefore, permitting
a lay witness to make certain observations concerning a defend-
ant's sanity was proper, especially where both sides introduced

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 354.

Validity and construction of statutes providing for psychiatric
examination of accused to determine mental condition. 32 ALR2d
434.

[2] 75 Am Jur 2d, Trial §§ 260, 261.

Propriety and effect of prosecuting attorney's argument to jury
indicating his belief or knowledge as to guilt of accused. 50
ALR2d 766.

[3] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

75 Am Jur 2d, Trial §§ 906, 907.

[4] 31 Am Jur 2d, Expert and Opinion Evidence §§ 85–94, 186.

[5] 41 Am Jur 2d, Indictments and Informations §§ 82, 277 *et seq.*

[6] 21 Am Jur 2d, Criminal Law §§ 313–315.

expert testimony on the issue of sanity, the lay witness was sufficiently acquainted with the defendant and the testimony was effectively limited by cross-examination.

5. CRIMINAL LAW—EXAMINING MAGISTRATE—ABUSE OF DISCRETION—MOTION TO QUASH—EVIDENCE—PRESERVING ISSUE.

Neither the trial court nor an appellate court should substitute its judgment for the judgment of an examining magistrate unless a clear abuse of discretion has been demonstrated and, in the absence of a motion to quash the information prior to arraignment or prior to impanelling the jury, a claim of insufficient evidence is not preserved for appellate review.

6. CRIMINAL LAW—ASSISTANCE OF COUNSEL—FRIVOLOUS ISSUE—RECORD.

An issue that the defendant was denied effective assistance of counsel at his trial is totally frivolous where the record reveals no mistake of any import by defense counsel.

Appeal from Jackson, Charles J. Falahee, J. Submitted October 7, 1975, at Lansing. (Docket No. 18158.) Decided November 10. Affirmed.

Evelyn Bethea was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *James M. Justin,* Assistant Prosecuting Attorney, for the people.

*Jessica R. Cooper,* Assistant State Appellate Defender, for defendant.

Before: QUINN, P. J., and D. E. HOLBROOK and D. F. WALSH, JJ.

PER CURIAM. On April 30, 1973 defendant was found guilty by a jury in Jackson County Circuit Court of manslaughter, MCLA 750.321; MSA

28.553. On May 30, 1973 she was sentenced to a term of from 5 to 15 years in prison.

At trial there was ample evidence introduced showing that defendant fired the shotgun blast which resulted in the victim's death. That evidence was not contested. Defendant entered a defense of insanity, and one of self-defense. Defendant's brief on appeal raises several issues which we now proceed to consider.

I

*Was defendant denied a fair trial because of prosecutorial misconduct, namely alleged attempts to elicit inadmissible testimony during the trial, and prejudicial remarks concerning the facts and law of the case made during closing argument?*

Upon an examination of the record we find that defendant was not denied a fair trial because of claimed prosecutorial misconduct. The questions asked by the prosecutor of the psychiatrist were not to elicit evidence of guilt, but to examine the basis of defendant's sanity. They were therefore admissible under *People v Stevens,* 386 Mich 579; 194 NW2d 370 (1972). Even though the psychiatrist was not asked to testify as to any actual statements made by the accused concerning the crime, we note that even these may be admissible under certain circumstances. *People v Schrantz,* 50 Mich App 227; 213 NW2d 257 (1973). The questions asked by the prosecutor in this case were well within the scope of admissibility. As to the prosecutor's closing argument, we hold that any statements made therein were related to the evidence in the case and therefore proper. *People v Berthiaume,* 59 Mich App 451; 229 NW2d 497 (1975).

## II

*Were the trial judge's instructions on intent, malice, provocation, insanity, and self-defense erroneous and misleading?*

No objection was made to the instructions as given by the trial judge. In the absence of objection, an instruction will not be subject to appellate review, unless a miscarriage of justice occurs. *People v McGuire,* 39 Mich App 308; 197 NW2d 469 (1972), *People v Miller,* 35 Mich App 627; 192 NW2d 517 (1971). We find no miscarriage of justice in the record, and decline further comment upon the objection that defendant's appellate counsel raises for the first time on appeal.

## III

*Was it error to permit a lay witness to make certain observations concerning defendant's sanity?*

The admissibility of the testimony complained of is governed by *People v Wright,* 58 Mich App 735; 228 NW2d 807 (1975), *People v Alsteens,* 49 Mich App 467; 212 NW2d 243 (1973). The record discloses no error, especially in view of the fact that, in addition to the testimony of the lay witness in question, both sides introduced expert testimony on the issue of sanity. The witness in question was sufficiently acquainted with defendant and had an adequate opportunity to observe her. We also point out that his testimony was effectively limited by cross-examination.

## IV

*Was there sufficient evidence regarding premedi-*

*tation to bind defendant over for trial on first-degree murder?*

Unless a clear abuse of discretion has been demonstrated, neither the trial court nor an appellate court should substitute its judgment for the judgment of an examining magistrate. *People v Stinson,* 58 Mich App 243; 227 NW2d 303 (1975). In the absence of a motion to quash the information prior to arraignment or prior to impanelling the jury, a claim of legally insufficient evidence is not preserved for appellate review. *People v Keshishian,* 45 Mich App 51; 205 NW2d 818 (1973). Nevertheless, we rule that there was sufficient evidence before the examining magistrate from which premeditation could be inferred. We also rule that there was sufficient evidence of premeditation to submit the question to the jury. *People v Meier,* 47 Mich App 179; 209 NW2d 311 (1973).

## V

*Was defendant denied effective assistance of counsel at trial?*

This issue, as raised in this case, is totally frivolous. We mention it only to discourage its overuse. A close examination of the record reveals no mistake of any import by defense counsel. Defendant received an excellent defense below. Perhaps appellate counsel may have done certain things differently had she represented defendant at trial, but that is not grounds for reversal.

We have examined defendant's other allegations of error and find them to be without merit.

Affirmed.