PEOPLE v MOSLEY

1. CRIMINAL LAW—MOTIONS—QUASHING INFORMATION—PRELIMINARY
   EXAMINATION—FAILURE TO RULE—APPELLATE REVIEW—HARM-
   LESS ERROR.
   A trial court's failure at trial to rule on a defense motion to
   quash an information on grounds that the evidence produced at
   the preliminary examination was insufficient to bind the de-
   fendant over for trial was harmless error where appellate
   review of the examination record shows that the defendant
   could not have prevailed in his motion to quash.

2. EVIDENCE—ADMISSIBILITY—HEARSAY—EXCITED UTTERANCE—RES
   GESTAE EXCEPTION—ELEMENTS.
   A statement may be admitted into evidence under the excited
   utterance rule if (1) there is a startling occasion, startling
   enough to produce nervous excitement and render the utter-
   ance spontaneous and unreflecting, (2) the statement was made
   before there was time to contrive and misrepresent, and (3) the
   statement relates to the circumstances of the occurrence pre-
   ceding it.

3. WITNESSES—RES GESTAE WITNESSES—COMPETENCE—FAILURE TO IN-
   TERROGATE—HARMLESS ERROR.
   Failure to interrogate a child witness to determine her compe-
   tence to testify was not reversible error where defendant made
   no objection, declined to voir dire the witness, and the witness's
   testimony would have been cumulative.

4. WITNESSES—RES GESTAE WITNESSES—PROSECUTORS—DUE DILIGENCE
   —DISCRETION OF COURT.
   Due diligence of a prosecutor in attempting to produce an in-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 778, 803.
[2] 29 Am Jur 2d, Evidence §§ 708, 722, 731.
   Res gestae utterances in actions founded on accidents. 163 ALR 15.
   Admissibility, as part of res gestae, of accusatory utterances made
      by homicide victim after act. 4 ALR3d 149.
[3] 5 Am Jur 2d, Appeal and Error § 670.
[4] 81 Am Jur 2d, Witnesses § 2.
[5] 76 Am Jur 2d, Trial § 1250 *et seq.*

dorsed res gestae witness is a discretionary matter which must be decided by a trial court; the court's findings will not be disturbed absent an abuse of its discretion.

5. CRIMINAL LAW—TRIAL—FACT FINDING—PRECEDENT—RETROACTIVE
     EFFECT—COURT RULES.

The general court rule regulating the fact-finding process to be performed by a trial court was made applicable to criminal bench trials in a Supreme Court decision; however, trials ending prior to the date of the Supreme Court decision are not subject to that mandate (GCR 1963, 517.1).

Appeal from Recorder's Court of Detroit, Robert L. Evans, J. Submitted December 8, 1976, at Detroit. (Docket No. 23049.) Decided March 3, 1977.

Mannie Mosley was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Barbara A. Schwartz,* for defendant on appeal.

Before: BRONSON, P. J., and BASHARA and C. L. HORN,* JJ.

PER CURIAM. Defendant was convicted of second-degree murder in violation of MCLA 750.317; MSA 28.549 by a trial court sitting without a jury. He was sentenced to serve a term of from 10 to 20 years imprisonment. He appeals his conviction as of right, raising five issues for our consideration.

The record shows that for some reason the trial court failed to rule on the defendant's motion to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

quash the information on the ground that evidence produced at the preliminary examination was insufficient to bind him over until the date of trial. At that time defendant renewed his motion but the trial court declined to read the preliminary examination transcript fearing an impropriety and deferred ruling on the motion. At the close of the prosecution's proofs, the motion was again renewed and apparently denied except as to the degree of homicide. The defendant then rested his case. Nothing in the record indicates that the trial court ever read the preliminary examination transcript.

To deny the defendant a ruling on his motion was error. The preliminary examination transcript could have been read by the trial court under the authority of the defendant's waiver without impropriety. *People v Garcia,* 51 Mich App 109, 114–115; 214 NW2d 544 (1974). We do not, however, believe the error to be reversible. The decision of the examining magistrate to bind over will not be disturbed absent the showing of abuse of discretion. *People v Melvin,* 70 Mich App 138; 245 NW2d 178 (1976). *People v Bethea,* 65 Mich App 375, 379; 237 NW2d 336 (1975). We find on the record of the preliminary examination sufficient evidence to find probable cause to believe the defendant committed second-degree murder, thus, the defendant could not have prevailed in his motion to quash and the trial court's failure to rule on the motion was harmless error.

The defendant next contends that allowing a neighbor of the victim to testify as to a conversation with the victim was error under the hearsay rule. The evidence showed that the victim, defendant's wife, was beaten to death. On the day of her demise the witness encountered the victim in the

apartment building in which they both lived. The victim was swollen, bleeding, shaking and nervous. The witness testified that the victim told him that her husband "did this to her".

Admission of this statement by the trial court under the res gestae or excited utterance exception to the hearsay rule was not an abuse of discretion. A statement may be admitted as an excited utterance if three criteria are met.

" 'In Michigan, the law regarding *res gestae* is clear. * * * [T]he conditions upon which such statements will be allowed in evidence are (1) that there is a startling occasion, startling enough to produce nervous excitement, and render the utterance spontaneous and unreflecting; (2) that the statement must have been made before there has been time to contrive and misrepresent; and (3) the statement must relate to the circumstances of the occurrence preceding it.' " *People v Frank Johnson,* 58 Mich App 1, 6; 226 NW2d 730 (1975).

From the declarant's physical description the trial court was free to infer that there had been a startling event resulting in nervous excitement. From the fact that she was still bleeding and quaking it was reasonable to infer that the event was recent. Last, the statement most certainly related to the occurrence. Thus, we find no error.

The defendant's third assignment of error relates to the trial court's failure to interrogate a child witness to determine her competence to testify. Since the defendant made no objection and declined to voir dire the witness and since the witness's testimony was cumulative, the error, if any, was harmless.

Defendant next objects to the prosecution's failure to produce an indorsed res gestae witness and

the trial court's action in excusing production on the ground of the exercise of due diligence by the prosecutor. Whether the people have exercised due diligence in an attempt to produce a witness is a question which must be decided by the trial court as a matter of his discretion. *People v Davis,* 57 Mich App 505, 510; 226 NW2d 540 (1975). We find that the trial court's satisfaction with the prosecutor's efforts was not an abuse of that discretion. *People v Charles O Williams,* 386 Mich 565; 194 NW2d 337 (1972).

As his last issue the defendant argues that the trial court's findings of fact were insufficient to comply with the requirements of GCR 1963, 517.1. Rule 517.1 was held applicable to criminal bench trials in *People v Jackson,* 390 Mich 621; 212 NW2d 918 (1973). The trial in this case ended prior to the *Jackson* decision. *Jackson* has not been afforded retroactive application, thus, no error can be occasioned by failure to comply with its mandate. *People v Matthews,* 53 Mich App 232; 218 NW2d 838 (1974).

Affirmed.