959 F.2d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Porfidio Ray ACOSTA, Petitioner-Appellant,
v.
John MAKOWSKI, Respondent-Appellee.
 No. 91-1141.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1992.
 
 Before BOGGS and DAVID A. NELSON, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Porfidio Ray Acosta appeals the district court's denial of his petition for a writ of habeas corpus. For the reasons stated below, we affirm the judgment of the district court.
 
 
 2
 * Acosta was convicted of first degree murder on October 23, 1967, following a jury trial in Oakland County, Michigan Circuit Court. He was sentenced to mandatory life imprisonment. The Michigan Court of Appeals affirmed Acosta's conviction. People v. Acosta, 16 Mich.App. 249; 167 N.W.2d 897 (1969). The Michigan Court of Appeals denied further review and the conviction became final on June 13, 1978, when the Michigan Supreme Court denied leave to appeal. People v. Acosta, 403 Mich. 801 (1978). On September 8, 1978, Acosta filed a petition in federal district court for a writ of habeas corpus, which was denied.
 
 
 3
 In February 1984, Acosta, represented by counsel, filed a motion for a new trial in Oakland County Circuit Court. Acosta maintained that the jury instructions in his case were erroneous under the United States Supreme Court's decision in Sandstrom v. Montana, 442 U.S. 510 (1979). The trial court denied Acosta's motion in an opinion and order dated July 7, 1985. Acosta sought leave to appeal, but the Michigan Court of Appeals denied review. The Michigan Supreme Court remanded the case to the Court of Appeals. People v. Acosta, 425 Mich. 833, 392 N.W.2d 1 (1986). The Court of Appeals again affirmed the conviction and the Michigan Supreme Court denied leave to appeal on February 10, 1989.
 
 
 4
 On June 29, 1989, Acosta filed his second petition for a writ of habeas corpus. He based the petition on his claim that Sandstrom v. Montana and the Michigan case of People v. Wright, 408 Mich 1 (1980), must be given retroactive effect in his case. Further, Acosta contended that the intent instructions used in his case, defective under Sandstrom, did not constitute harmless error. On January 3, 1990, the district court denied Acosta's petition and he appeals that determination to this court.
 
 II
 
 5
 The main issue presented here is whether Sandstrom v. Montana should be given retroactive effect in this case. We will assume that the jury instructions in Acosta's case are defective under Sandstrom.
 
 
 6
 The retroactivity determination is governed by Teague v. Lane, 489 U.S. 288 (1989). Under Teague, "a new rule of constitutional law established after a petitioner's state conviction becomes final may not be used to attack the state conviction on federal habeas corpus review unless the new constitutional principle falls within two narrow exceptions." Cain v. Redman, 947 F.2d 817, 821 (6th Cir.1991) (citing Teague, 489 U.S. at 310). According to the Supreme Court in Teague:
 
 
 7
 In general ... a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government. To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.
 
 
 8
 Id. at 301 (citations omitted). In the Sixth Circuit, Sandstrom is considered an "new rule" of constitutional law for purposes of the Teague retroactivity analysis. Cain, 947 F.2d at 821. The Sandstrom decision, holding that certain jury instructions that potentially shift the burden of proof on the issue of intent violate the due process clause, was the first case invalidating such instructions. The case broke new ground and was not compelled or controlled by existing precedent. In sum, as this court stated clearly in Cain:
 
 
 9
 In Butler v. McKellar, 110 S.Ct. at 1217, the Supreme Court determined that a legal ruling sought by a federal habeas petition will be deemed "new" as long as the correctness of the rule is susceptible to debate among reasonable minds. Prior to Sandstrom, it was susceptible to debate that the jury instructions at issue were not a violation of due process as similar instructions were routinely given without challenge. For these reasons, we believe that the Supreme Court's decision in Sandstrom creates a new rule of law as defined in Teague and Butler.
 
 
 10
 Cain, 947 F.2d at 821. A panel of the Sixth Circuit reaffirmed Cain recently in Harris v. Jabe, No. 91-1360 (6th Cir. Feb. 21, 1992) (unpublished).
 
 
 11
 Since Sandstrom is a new rule, we can only give it retroactive application in this case if it falls within the two limited exceptions articulated in Teague. First, a new rule of constitutional law should be applied retroactively if it places certain kinds of primary, private, individual conduct beyond the power of the criminal law-making authority to proscribe. Teague, 489 U.S. at 307. Such is not the case here. Second, a new rule should be applied retroactively if it requires the observance of those procedures that are implicit in the concept of ordered liberty. Ibid. The second exception is reserved for watershed rules of criminal procedure that are necessary to the fundamental fairness of a criminal proceeding. Id. at 311. "[A] Sandstrom error is not within the narrow category of fundamental bedrock procedural elements that come within the exception." Cain, 947 F.2d at 822.
 
 
 12
 We recognize that prior to Teague, Sandstrom was being applied retroactively in this Circuit. See, e.g., Merlo v. Bolden, 801 F.2d 252, 255 n. 1 (6th Cir.1986), cert. denied, 480 U.S. 909 (1987). However, Cain v. Redman represents the post-Teague Sixth Circuit treatment of this issue. Under Cain, Sandstrom is no long accorded retroactive application in this Circuit.
 
 III
 
 13
 The district court in this case denied the petition for a writ of habeas corpus. The court, however, found that Sandstrom did not establish a new rule for purposes of Teague and applied the decision retroactively to this case. The court denied the petition because it found that, while the jury instructions here were erroneous under Sandstrom, the error was harmless.
 
 
 14
 We AFFIRM the denial of Acosta's petition for the writ of habeas corpus, but not for the reasons stated by the district court. We hold, in accord with Cain, that Sandstrom established a new rule that should not be applied retroactively under Teague.