PEOPLE *v.* FRAZIER WALKER

CRIMINAL LAW—CONSTITUTIONAL LAW—NONJURY TRIAL—IMPARTIAL JUDGE.

> A judge, the same as a juror, does not pass the required constitutional test of impartiality and should be excused for cause as a trier of fact in a nonjury criminal trial where, had a jury *voir dire* examination disclosed that any prospective juror possessed the information that the trial judge possessed before trial, that juror would have been excused by the trial judge for cause (Const 1963, art 1, § 20, MCLA § 750.520).

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 May 5, 1970, at Lansing. (Docket No. 8,546.) Decided June 3, 1970. Leave to appeal granted September 22, 1970. 384 Mich 755.

Frazier Walker was convicted of statutory rape. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, and *James Dillard,* Assistant Prosecuting Attorney, for the people.

*Elisha Scott, Jr.,* for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 409, 416, 427, 432.

Before: T. M. BURNS, P. J., and QUINN and ROBERTS,* JJ.

PER CURIAM. Defendant appeals from his nonjury conviction of the statutory rape** of his daughter and the ensuing sentence therefor. The three specific issues framed by defendant all relate to his contention that he was denied a fair and impartial trial.

Const 1963, art 1, § 20, guarantees a defendant a right to trial by an "impartial jury". On jury waiver, a judge "shall proceed to hear, try and determine such cause in accordance with the rules and in like manner as if such cause were being tried before a jury". CL 1948, § 763.4 (Stat Ann 1954 Rev § 28.857). In effect, the statute places the same standard of impartiality on the judge as the constitution places on the jury.

The record discloses that the trial judge interrogated witnesses prior to trial in the presence of defense counsel and the prosecuting attorney but in the absence of the defendant. The purpose of the interrogation was proper. The trial judge was seeking information on which to determine the grant or denial of defendant's application for a continuance. At that time a jury trial was anticipated, and if the cause had been tried by a jury, we would hold no error occurred.

At a subsequent hearing, again on defendant's motion for adjournment, the trial judge stated in addressing defense counsel, "But I also didn't realize, and maybe you didn't know before you stepped into the picture, that your client took a lie detector test. Do you know that? And he failed it." Again, if this had been a jury trial, as then expected, we doubt that we could find reversible error. There-

---

* Circuit judge, sitting on the Court of Appeals by assignment.
** CL 1948, § 750.520 (Stat Ann 1954 Rev § 28.788).

after, the trial judge accepted defendant's waiver of jury trial.

We are satisfied that had a jury *voir dire* examination disclosed that any prospective jurror possessed the information that the trial judge possessed prior to trial, that juror would have been excused by the trial judge for cause. Similarly, we challenge the trial judge for cause as trier of the fact and excuse her. A judge, the same as a juror, does not pass the required test of impartiality once possessed of the type of information this record discloses that the trial judge possessed prior to trial.

The conviction is reversed.