## PEOPLE *v.* RAMSEY

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — STATUTES — COURT RULES — WITNESSES — CONFRONTATION — CROSS-EXAMINATION — EVIDENCE.

The purpose of both the statute providing that testimony taken at an examination may be used by the prosecution whenever the witness giving such testimony cannot be produced at the trial and the Recorder's Court rule providing that a judge, having acted as examining magistrate, shall not be assigned to the trial of that case unless counsel for all parties consent, is to preserve the rights of confrontation and cross-examination and to prevent prejudice by the use of evidence which is not in the record of the trial (MCLA § 768.26; Recorder's Court Rule No 8).

2. CRIMINAL LAW — PRELIMINARY EXAMINATION — STATUTES — COURT RULES — CONSTITUTIONAL LAW — WITNESSES — CONFRONTATION — EVIDENCE.

The policy behind the statute providing that testimony taken at an examination may be used by the prosecution whenever the witness giving such testimony cannot be produced at the trial, as expressed in both the United States and Michigan Constitutions, is to assure that an accused has a right to confront all of the witnesses against him in open court and to have all of the evidence against him placed in the record at the trial; the Recorder's Court rules providing that a judge, having acted as examining magistrate, shall not be assigned to the trial of that case unless counsel for all parties consent, reinforce this policy (US Const, Am 6; Const 1963, art 1, § 20; MCLA § 768.26; Recorder's Court Rule No 8).

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law §§ 343, 344, 367, 446, 449, 551.
[4] 20 Am Jur 2d, Courts §§ 3, 20.
46 Am Jur 2d, Judges §§ 21–49.

3. CRIMINAL LAW—EVIDENCE—PRELIMINARY EXAMINATION—TRANSCRIPT—APPEAL AND ERROR—STATUTES.

As an absolute rule, it is reversible error for a trial court sitting without a jury to refer to the transcript of testimony taken at a preliminary examination except under the exceptions provided by the statute which states that testimony taken at an examination may be used by the prosecution whenever the witness giving such testimony cannot be produced at the trial (MCLA § 768.26).

4. COURTS—TRIER OF FACTS—JURY.

A trial judge, sitting as the trier of the facts, can assume no greater prerogatives than a jury if a jury were impaneled to determine the facts.

Appeal from Court of Appeals, Division 1, J. H. Gillis, P. J., and V. J. Brennan and Weipert, JJ., affirming Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted April 7, 1971. (No. 9 April Term 1971, Docket No. 52,893.) Decided July 7, 1971.

25 Mich App 576 reversed.

Phillip D. Ramsey was convicted of armed robbery. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow, State Appellate Defender,* for defendant on appeal.

SWAINSON, J. Leo Sinasac, a baking company delivery man, was the victim of an armed robbery at

approximately 1 p.m. on December 14, 1967. Two days after the robbery, the victim picked defendant out of a police lineup and later identified him in court. At the conclusion of a nonjury trial, held in the Recorder's Court of the City of Detroit, defendant was found guilty of armed robbery and subsequently sentenced to five to ten years in prison. The Court of Appeals affirmed. (25 Mich App 576.) We granted leave to appeal. (384 Mich 759.)

Defendant has raised four issues on appeal. However, in view of our disposition of the case, we deem it necessary only to discuss the first issue. After the defendant waived his right to trial by jury, the following colloquy occurred:

*"The Court:* Is the transcript of the preliminary examination available?

*"Mr. Sage [assistant prosecuting attorney]*: Yes, I have it.

*"The Court:* Do you need it now?

*"Mr. Sage:* No, I don't. I don't really need it. I would be very glad to turn it back to the court.

*"The Court:* I will have a glance at it then if you don't mind.

*"Mr. Sage:* All right."

Defendant contends that the trial court committed reversible error in looking at the preliminary examination transcript while sitting as the finder of facts.

The relevant statute is MCLA 768.26 (Stat Ann 1954 Rev § 28.1049), which provides:

"Testimony taken at an examination, preliminary hearing, or at a former trial of the case, or taken by deposition at the instance of the defendant, may be used by the prosecution whenever the witness giving such testimony can not, for any reason, be produced at the trial, or whenever the witness has, since giv-

ing such testimony become insane or otherwise mentally incapacitated to testify."

In addition, Recorder's Court Rule No 8[1] provides in part as follows:

"Whenever any Judge shall have acted as Examining Magistrate in any case he shall not be assigned to the trial of that case, except with the expressed consent of counsel for all parties entered upon the record in open Court."

The purpose of both the statute and the court rule is to preserve the rights of confrontation and cross-examination and to prevent prejudice by the use of evidence which is not in the record of the trial. *Barber* v. *Page* (1968), 390 US 719 (88 S Ct 1318, 20 L Ed 2d 255); *People* v. *Chapman* (1968), 380 Mich 74. The only exception which is recognized is when it is not possible to produce a witness at the trial after a diligent effort has been made to secure the attendance of such witnesses. *People* v. *Hunley* (1946), 313 Mich 688; *People* v. *Hawthorne* (1940), 293 Mich 15. The present case does not fall within the statutory exception because the complainant, who was the sole witness to the alleged armed robbery, was available and did testify at the trial.

The people contend there is no case directly on point that supports defendant's theory of error. Moreover, the people contend if any error occurred, it was harmless error.

It is true that there is no case precisely on point. However, the policy behind this statute as expressed in both the United States and Michigan Constitutions is clear.[2] It is to assure that an accused has a

---

[1] See former Recorder's Court Rule No 15. The present rule became effective July 20, 1970.

[2] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and

right to confront all of the witnesses against him in open court, and to have all of the evidence against him placed in the record at the trial. The revised Recorder's Court rules reinforce this policy. We, therefore, hold that the trial court committed reversible error when he viewed the transcript of the testimony taken at the preliminary examination while sitting without a jury as the trier of the facts in the case, the transcript not being placed in evidence as provided by the statute.

This case demonstrates the need for an absolute rule in this situation. There is no way to determine whether or not the trial court was prejudiced by "glancing" at the transcript. In fact, it is difficult to determine precisely how much, if any, of the transcript was read by the court, or for what purpose. Therefore, in order to avoid problems of proof on this issue, we hold that as an absolute rule it is reversible error for the trial court sitting without a jury to refer to the transcript of testimony taken at the preliminary examination except under the exceptions provided by statute. A jury, if impanelled, would not be aware of the testimony taken at a preliminary examination except under the provisions of the statute. A trial judge, sitting as

district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." US Const, Am 6.

"In every criminal prosecution, the accused shall have the right to a speedy and public trial by an impartial jury, which may consist of less than 12 jurors in all courts not of record; to be informed of the nature of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; to have the assistance of counsel for his defense; to have an appeal as a matter of right; and in courts of record, when the trial court so orders, to have such reasonable assistance as may be necessary to perfect and prosecute an appeal." Const 1963, art 1, § 20.

the trier of the facts, can assume no greater prerogatives than a jury if a jury were impanelled to determine the facts.

The trial court and the Court of Appeals are reversed and the case is remanded for new trial.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, and WILLIAMS, JJ., concurred with SWAINSON, J.