PEOPLE v. FRAZIER WALKER

OPINION OF THE COURT

1. CRIMINAL LAW — CONSTITUTIONAL LAW — NONJURY TRIAL — IMPARTIAL JUDGE.

A judge, the same as a juror, does not pass the required constitutional test of impartiality and should be excused for cause as a trier of fact in a nonjury criminal trial where, had a jury *voir dire* examination disclosed that any prospective juror possessed the information that the trial judge possessed before trial, that juror would have been excused by the trial judge for cause (Const 1963, art 1, § 20; MCLA § 750.520).

DISSENTING OPINION

BLACK and T. E. BRENNAN, JJ.

2. JUDGES — DISQUALIFICATION — PRETRIAL PROCEEDINGS — COURT RULES.

*The mere fact that a trial judge participated in pre-trial proceedings on a case, including requests for adjournment, should not per se disqualify the judge from hearing the case; the prejudice of the trial judge should be tested by a means of a motion for his disqualification as outlined in a court rule (GCR 1963, 405).*

Appeal from Court of Appeals, Division 2, T. M. Burns, P. J., and Quinn and Roberts, JJ., reversing Genesee, Elza H. Papp, J. Submitted June 10, 1971. (No. 15 June Term 1971, Docket No. 52,921.) Decided August 27, 1971.

24 Mich App 360 affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judges § 96.
[2] 46 Am Jur 2d, Judges §§ 181, 184.

Frazier Walker was convicted of statutory rape. Defendant appealed to the Court of Appeals. Reversed. The people appeal. Affirmed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Elisha Scott, Jr.,* for defendant on appeal.

Per Curiam.  We affirm the Court of Appeals for the reasons set forth in its *per curiam* opinion in this cause filed June 3, 1970.  24 Mich App 360. Remanded for new trial.

T. M. Kavanagh, C. J., and Adams, T. G. Kavanagh, Swainson, and Williams, JJ., concurred.

T. E. Brennan, J. (*dissenting*).  I cannot agree with the decision of the Court.

The mere fact that a trial judge participated in pre-trial proceedings on the case, including requests for adjournment, should not *per se* disqualify the judge from hearing the case.

It is conceivable, I suppose, that protracted pre-trial proceedings might involve the trial judge so deeply in the litigation that he is unable to sit impartially when the matter is finally set down for trial.

In such a case, the prejudice of the trial judge should be tested by means of a motion for his disqualification.  The procedure is outlined in GCR 1963, 405.

No attempt to disqualify Judge Papp was made here.  Neither was there any objection to her sitting

as the trier of the fact. Defendant waived jury trial.

The conviction should be affirmed, and the Court of Appeals should be reversed.

Black, J., concurred with T. E. Brennan, J.