PEOPLE v DIXSON

Docket No. 60914. Decided July 17, 1978. On application for leave to appeal by the people the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded to that Court for consideration of the remaining issue.

Joyce A. Dixson was convicted in Saginaw Circuit Court, Fred J. Borchard, J., of first-degree murder. The trial court read the transcript of the preliminary examination in order to decide a pretrial motion to quash the information. The defendant's pretrial and trial counsel knew that the court had read the transcript, but did not move to disqualify the circuit judge from sitting as the finder of fact. The Court of Appeals, R. B. Burns, P.J., and D. E. Holbrook and Martin, JJ., reversed in an unpublished per curiam opinion (Docket No. 31120). The people apply for leave to appeal. *Held:*

In the instant case the trial judge did not read the transcript of the preliminary examination while sitting as a trier of fact, but was required to read it in order to rule upon the motion to quash the information. Only after the motion was denied did defense counsel waive the jury with full knowledge that the judge had read the transcript. Defense counsel also failed to move to disqualify the judge from conducting the bench trial. The burden of moving to disqualify a judge who has read the preliminary transcript is upon the defendant. The waiver resulting from failure to move to disqualify the judge is not absolute, but the circumstances of this case do not require application of the rule that it is reversible error for a trial court sitting without a jury to refer to the transcript of the preliminary examination.

The judgment of the Court of Appeals is reversed and the case is remanded to that Court for consideration of the issue referred to but not decided in the first decision.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczma-*

*rek,* Prosecuting Attorney, and *Patrick M. Meter,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Lander C. McLoyd)* for defendant.

PER CURIAM. The issue in this case is whether the rule in *People v Ramsey,* 385 Mich 221; 187 NW2d 887 (1971), precludes a judge who reads a preliminary examination transcript in ruling on a defendant's motion to quash from sitting as trier of fact under the facts of this case. We hold that it does not.

I

Following a preliminary examination, the defendant was bound over to circuit court for trial on a charge of first-degree murder.[1] The defense moved to quash the information on the ground that the examining magistrate erred in binding the case over for trial. In order to decide the motion to quash and with the knowledge of defense counsel, the circuit judge read the preliminary examination transcript. The judge noted in his order denying the defendant's motion that he had read the preliminary examination transcript.

A different attorney represented the defendant at trial. The second lawyer knew that the trial judge had read the transcript of the preliminary examination. The attorney waived a jury trial, but did not move to disqualify the circuit judge from sitting as trier of fact.[2] Following a bench trial, the defendant was convicted of first-degree murder and sentenced to life imprisonment.

[1] MCL 750.316; MSA 28.548.
[2] Former GCR 1963, 405.3.

The Court of Appeals reversed the conviction, finding the rule in *Ramsey* to require this result.

## II

In *Ramsey* we considered the statutory limitation on the use of preliminary examination transcripts by the prosecution as it applied to the trial judge sitting as the trier of fact. The statute provides:

"Testimony taken at an examination, preliminary hearing, or at a former trial of the case, or taken by deposition at the instance of the defendant, may be used by the prosecution whenever the witness giving such testimony cannot, for any reason, be produced at the trial, or whenever the witness has, since giving such testimony become insane or otherwise mentally incapacitated to testify." MCL 768.26; MSA 28.1049.

The trial judge in that case requested the preliminary examination transcript and might have read at least parts of it. The Court said that the policy behind the statute was to assure that a defendant is confronted with all of the witnesses against him in open court and to have all of the evidence against him placed in the trial record.

The following rule was announced and explained:

"[W]e hold that as an absolute rule it is reversible error for *the trial court sitting without a jury* to refer to the transcript of testimony taken at the preliminary examination except under the exceptions provided by statute. A jury, if impanelled, would not be aware of the testimony taken at a preliminary examination except under the provisions of the statute. *A trial judge, sitting as the trier of the facts,* can assume no greater prerogatives than a jury if a jury were impanelled to

determine the facts." *People v Ramsey, supra,* pp 225-226 (emphasis supplied).

The rule in *Ramsey* does not govern this case. The judge did not read or refer to the preliminary examination transcript while sitting as trier of fact in a non-jury trial. Here the trial judge was required to read the preliminary examination transcript in order to be able to rule upon defendant's motion to quash. Only after the motion was denied did defense counsel waive the jury with full knowledge that the judge had read the transcript. Defense counsel could have moved to disqualify the judge at that point but did not do so.

In 1974, when GCR 1963, 405.3, was adopted,[3] the Court decided that the burden of moving to disqualify a judge who has read the preliminary examination transcript should be placed on the defendant. If he fails to do so, and, indeed, fails to do so sufficiently in advance of trial so that another judge can be assigned, that is a factor which the judge can consider in deciding whether to grant the motion to disqualify.

We disagree with the Court of Appeals conclusion that the *Ramsey* rule was violated in this case.

We do not wish to be understood as saying that the waiver resulting from failure to move to disqualify is absolute. If a judge has suppressed inculpatory tangible evidence or a confession, and consulted the preliminary examination transcript in so doing, he might have a duty *sua sponte* to raise the question whether he should sit. The circumstances of this case do not require that we consider that question and we do not do so.

---

[3] See 391 Mich lii, adopted June 14, 1974. See 402 Mich (Part 3) lxxiii-lxxv for current rule, GCR 1963, 912.

## III

In lieu of leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the judgment of the Court of Appeals. The Court of Appeals did not reach the question whether the prosecutor improperly questioned the defendant about her religious beliefs. We remand the case to the Court of Appeals for full consideration of that issue not reached in its opinion.

We do not retain jurisdiction.

KAVANAGH, C.J., and WILLIAMS, LEVIN, COLEMAN, RYAN, FITZGERALD, and BLAIR MOODY, JR., JJ., concurred.