PEOPLE v GIBSON (ON REMAND)

Docket No. 43862. Submitted April 10, 1979, at Lansing.—Decided June 19, 1979.

Robert L. Gibson was convicted of armed robbery, Jackson Circuit Court, James G. Fleming, J. The defendant appealed. The Court of Appeals, in an order dated August 8, 1978, docket no. 77-4191, granted the prosecution's motion to affirm. The defendant then applied for leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave, vacated the order of the Court of Appeals affirming the defendant's conviction and remanded the matter to the Court of Appeals for plenary consideration, 405 Mich 818 (1979). The only issue addressed by the Court of Appeals on remand is whether the circumstances of the case required the trial judge *sua sponte* to disqualify himself. *Held:*

In this case the defendant made no motion for disqualification of the trial judge. However, under certain circumstances a trial judge is required to raise the issue of his disqualification on his own motion. Judge Fleming had presided over the separate trial of the defendant's codefendant in a bench trial. The separate trial was necessitated by the confession of the codefendant which inculpated the defendant in the charged offense. The trial judge found the codefendant guilty of armed robbery as charged and, in his finding of fact, determined that the codefendant and the defendant had committed the crime together.

In light of the trial judge's earlier determination regarding the commission of the charged offense, he was under an affirmative duty to raise the issue of bias *sua sponte.*

The trial judge's statement at the codefendant's trial, ex-

References for Points in Headnotes

[1-3] 46 Am Jur 2d, Judges §§ 166-172.
Disqualification of judge for bias against counsel for litigant. 23 ALR3d 1416.
[2] 5 Am Jur 2d, Appeal and Error § 614.
46 Am Jur 2d, Judges § 199.

pressing his belief that defendant Gibson had participated in the armed robbery, required the judge to disqualify himself from subsequently hearing the defendant's case. This statement, which was made prior to the defendant's trial on the charge, amounted to prejudgment of the defendant's case.

Reversed and remanded for a new trial before a different trial judge.

1. JUDGES — DISQUALIFICATION OF JUDGE — BIAS — PREJUDICE — COURT RULES.

Disqualification of a trial judge is warranted when the judge is personally biased or prejudiced for or against any party or attorney (GCR 1963, 405.1[3]).

2. JUDGES — CRIMINAL LAW — DISQUALIFICATION OF JUDGE — RAISING THE ISSUE SUA SPONTE — APPEAL AND ERROR.

A trial judge, in some circumstances, is required to raise, on his own motion, the issue of disqualification; where the circumstances of a case are such that a trial judge has an affirmative duty to raise the issue of bias *sua sponte,* a defendant's failure to raise the issue in the trial court does not preclude consideration of the issue by the Court of Appeals.

3. JUDGES — CRIMINAL LAW — DISQUALIFICATION OF JUDGE — PRECONCEIVED NOTION OF GUILT.

Disqualification of a trial judge is required where the record discloses actual bias on the part of the judge or where the judge expresses a preconceived notion as to a defendant's guilt or innocence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

*Barbara R. Levine,* Assistant State Appellate Defender, for defendant on appeal.

Before: V. J. BRENNAN, P.J., and BRONSON, and CYNAR, JJ.

On Remand

Cynar, J. On July 11, 1977, following a bench trial, defendant was convicted of armed robbery. MCL 750.529; MSA 28.797. On August 11, 1977, he was sentenced to serve 7-1/2 to 20 years imprisonment and defendant appealed this conviction as of right. The prosecution's motion to affirm defendant's conviction was granted by a panel of this Court in an order dated August 8, 1978. However, this order was vacated by the Supreme Court on February 6, 1979, and the case was remanded to this Court for full consideration of the issues raised by defendant. 405 Mich 818 (1979).

The robbery in question was allegedly committed by defendant and a co-defendant, Richard Peete. At trial the complainant testified that on February 3, 1977, defendant, Peete and two women came to his room at the Stowell Hotel in Jackson. After a period of conversation Peete unexpectedly struck the complainant on the head with a bottle. Defendant and Peete then dragged the complainant into another room where defendant brandished a knife. The complainant was subsequently bound and robbed.

Defendant testified that he played no part in the robbery. He claimed that the robbery was committed solely by Peete and that he had no prior knowledge of it. He testified that he left the premises when Peete struck the complainant with the bottle.

On appeal defendant raises several issues. However, we need only address one: whether the circumstances of this case required the trial judge to disqualify himself *sua sponte.*

Although the charges against defendant and co-defendant Peete were brought in a single com-

plaint, the proceedings against the two defendants were completely separate. They had separate arraignments, preliminary examinations, and trials and were represented by separate counsel. The separate treatment of the two defendants was necessitated by the existence of Peete's confession, which inculpated defendant in the crime.

Peete was tried on April 26, 1977. He waived a jury trial and was tried before Jackson County Circuit Court Judge James G. Fleming. In finding Peete guilty of armed robbery the trial judge concluded:

"I find that as far as the elements that the defendant in this case, together with another acting in concert did take from MR. HUNT the sum of Seventy-seven Dollars ($77.00) in his wallet. Immediately following the hitting of MR. HUNT over the head with this pop bottle and tying him up after forcing him down, and took it from MR. HUNT against his will and while he was under physical attack. *There is no question in the Court's mind that this was done by MR. PEETE and MR. GIBSON, his companion, this assault with intent to steal from MR. HUNT his monies or other things of value that they found in the vicinity."* (Emphasis added.)

Defendant claims that the above findings amounted to a prejudgment of his case requiring Judge Fleming to have disqualified himself from sitting as trier of fact at defendant's trial.

At the time of defendant's trial, the disqualification of judges was covered by GCR 1963, 405. This rule provided that the issue of disqualification may be raised "by motion of any party or by the judge upon his own motion". Disqualification is warranted when the judge "is personally biased or prejudiced for or against any party or attorney". GCR 1963, 405.1(3).

We note initially that no motion to disqualify Judge Fleming was ever made by defendant. However, this factor is not dispositive of this issue. In some circumstances, a trial judge is required to raise the issue of disqualification on his own motion. See *People v Dixson,* 403 Mich 106, 109; 267 NW2d 423 (1978).

The bias alleged in the present case is apparent only to one who had attended the Peete trial or one who had read a transcript thereof. There is no evidence that defendant or his attorney were present at this trial or that they were aware of Judge Fleming's statement at the trial. Under these circumstances we conclude that Judge Fleming was under an affirmative duty to raise the issue of bias *sua sponte.* Therefore, defendant's failure to raise this issue below does not preclude consideration of it by this Court.[1]

The question of course, remains whether there was sufficient evidence of bias to require Judge Fleming to disqualify himself. Generally, disqualification of a trial judge is required where the record discloses actual bias on the part of the judge or where the judge expresses a preconceived notion as to defendant's guilt or innocence. *People v Koss,* 86 Mich App 557, 560; 272 NW2d 724 (1978), *People v Alexander,* 76 Mich App 71, 78; 255 NW2d 774 (1977). Disqualification for bias has been held to be warranted when the trial judge admitted some degree of personal animus toward the defendant, *People v Lobsinger,* 64 Mich App 284; 235 NW2d 761 (1975), when the trial judge

---

[1] As a general rule, where possible bias is discovered after trial, defendant should raise the issue below via a post-trial motion for new trial. In this way a complete record can be provided the reviewing court. See *People v Ginther,* 390 Mich 436, 442-443; 212 NW2d 922 (1973), *Brill v Brill,* 75 Mich App 706, 711; 255 NW2d 739 (1977). In the present case, however, the alleged bias is embodied in the transcript of Peete's trial and no further record is necessary.

worked on the case as counsel for one of the parties, *Armstrong v Ann Arbor,* 58 Mich App 359; 227 NW2d 343 (1975), and when the judge was made aware of inadmissible polygraph test results, *People v Hale,* 72 Mich App 484; 250 NW2d 103 (1976).

We conclude that Judge Fleming's statement at Peete's trial, expressing his belief that this defendant had committed an armed robbery, required Judge Fleming to disqualify himself from subsequently hearing defendant's case. This statement, which was made prior to defendant's trial on the charge, amounted to a prejudgment of defendant's case. Although there is no evidence during defendant's trial of bias on the part of the trial judge we conclude that, in light of the prejudgment, defendant's conviction cannot stand.[2] In accord, see *People v Robinson,* 18 Ill App 3d 804; 310 NE2d 652 (1974).

In so concluding, we in no way mean to impugn the integrity of Judge Fleming in these proceedings. Because of the separate proceedings against Peete and defendant, Judge Fleming was required to make findings of fact at the conclusion of Peete's trial which would necessarily include reference to defendant. Thus, the "prejudgment" was necessitated by the exigencies of the circumstances. We hope that nothing stated herein will tend to deter trial judges from continuing to make thorough findings in bench trials. However, when

---

[2] Nothing said herein should be construed as requiring disqualification of a trial judge merely on the basis of rulings made in the course of a defendant's case or statements made in conjunction with such rulings. See for example *People v Mexicott,* 288 Mich 671; 286 NW 121 (1939), *People v Rorke,* 80 Mich App 476; 264 NW2d 30 (1978), and *People v Rayford Johnson,* 68 Mich App 54; 242 NW2d 35 (1976), *rev'd on other grounds* 397 Mich 686; 246 NW2d 836 (1976). It is the trial judge's prejudgment, rather than an exercise of his judgment, which requires disqualification in the present case.

such findings do amount to a prejudgment of the case of a yet-to-be-tried defendant, the trial judge should then disqualify himself from consideration of such a defendant's case.

Reversed and remanded for a new trial before a different trial judge.