PEOPLE v COCUZZA

Docket No. 46984. Submitted March 10, 1981, at Detroit.—Decided
    April 23, 1981.

    Joseph Cocuzza was found to be guilty of larceny in a building
    but mentally ill, Wayne Circuit Court, Thomas J. Brennan, J.,
    sitting as the trier of fact. He appeals, alleging that the trial
    judge erred by failing to disqualify himself from sitting as the
    trier of fact or, in the alternative, to inform defendant of his
    right to have a different judge sit as the trier of fact after
    hearing defendant's inculpatory testimony as to the factual
    basis for a guilty plea which subsequently was not offered.
    *Held:*

        1. The trial court erred in failing to disqualify itself or to
    inform defendant of his right to have another judge sit as a
    trier of fact under the circumstances of the case.

        2. In light of defendant's history of mental disturbances as
    revealed in the record, the trial court on remand should order
    an updated competency evaluation before proceeding to trial.

        Reversed and remanded.

        M. J. KELLY, J., dissented. He would hold that the issue
    regarding whether the trial court erred in failing to disqualify
    itself was not preserved for appeal, no motion for disqualifica-
    tion having been made in the trial court. Defense counsel was
    aware of the basis for disqualification and failure to raise the
    issue in the trial court was attributable to trial strategy. In
    addition, actual bias or prejudice was neither claimed nor
    supported by the record. He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — TRIAL — GUILTY PLEAS — DISQUALIFICATION OF
    JUDGES.
    Failure of a trial judge sitting as the trier of fact to disqualify

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 46 Am Jur 2d, Judges §§ 86, 96, 199.
[2] 21 Am Jur 2d, Criminal Law § 235.
[3] 46 Am Jur 2d, Judges § 222.
[5] 21 Am Jur 2d, Criminal Law §§ 31 *et seq.,* 220 *et seq.*
    73 Am Jur 2d, Statutes § 99.

himself, or alternatively, to inform a defendant of his right to have a different judge sit as the trier of fact after hearing the defendant's inculpatory testimony as to the factual basis for a guilty plea which subsequently was not offered results in error requiring reversal.

2. CRIMINAL LAW — TRIERS OF FACT — IMPARTIALITY.

A criminal defendant has the same right to be heard by an impartial trial judge sitting as the trier of fact as by an impartial jury.

DISSENT BY M. J. KELLY, J.

3. CRIMINAL LAW — TRIAL — DISQUALIFICATION OF JUDGES — APPEAL — PRESERVING QUESTION.

*Failure of a criminal defendant to move to disqualify a trial judge in the trial court precludes consideration of the issue on appeal in all but the most exceptional situations.*

4. CRIMINAL LAW — TRIAL — GUILTY PLEAS — DISQUALIFICATION OF JUDGES — APPEAL.

*Failure of a trial judge to disqualify himself, sua sponte, from sitting as the trier of fact in a criminal trial after hearing a defendant's recitation of the factual basis for a guilty plea which subsequently is not offered does not constitute error requiring reversal on appeal where the record reveals that defense counsel was aware of the basis for disqualification, defense counsel's failure to raise the issue in the trial court was attributable to trial strategy, and actual bias or prejudice is neither claimed nor supported by the record.*

5. CONSTITUTIONAL LAW — CRIMINAL LAW — GUILTY BUT MENTALLY ILL — EQUAL PROTECTION — DUE PROCESS — TITLE-OBJECT CLAUSE — STATUTES.

*The statute which provides for a verdict of "guilty but mentally ill" does not violate a defendant's equal protection or due process rights, nor does it violate the title-object clause of the Michigan Constitution (US Const, Am XIV, Const 1963, art 1, §§ 2, 17, art 4, § 24, MCL 768.36; MSA 28.1059).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Peter Jon Van Hoek,* Assistant State Appellate Defender, for defendant on appeal.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and D. C. RILEY, JJ.

PER CURIAM. Defendant was found "guilty but mentally ill" after a bench trial for larceny in a building. MCL 750.360; MSA 28.592, MCL 768.36; MSA 28.1059. He was sentenced to a prison term of from two to four years with credit for 149 days and a recommendation of immediate psychiatric care. Defendant now appeals as of right.

Defendant initially was charged with breaking and entering. Shortly thereafter, he petitioned the court for both an insanity and a competency hearing and consequently was ordered to the Center for Forensic Psychiatry for evaluation. As a result, defendant was found incompetent to stand trial and was ordered to Northville Regional Psychiatric Hospital for treatment. Subsequently, based upon a report from the Northville Hospital, defendant was found competent to stand trial. He then was returned to the Forensic Center for an insanity evaluation. After examination, the Forensic Center concluded that, although defendant was mentally ill at the time of the incident, he did not satisfy the criteria for being found not guilty by reason of insanity.

Against this background, defendant appeared for trial with court-appointed counsel. Defendant's trial counsel stated that an agreement had been reached with the prosecution for defendant to plead "guilty but mentally ill" to an added count of larceny in a building. Discussion then ensued regarding the form of the plea and the possibility of taking it under advisement. The trial court expressed its hesitancy in so doing and proceeded

to question the defendant about the profferred plea. The record reveals that the defendant expressed considerable confusion as to what was transpiring. Although defendant first expressed a refusal to plea, he then testified as to the factual basis for the charges of both breaking and entering and larceny in a building. After giving the inculpatory testimony as to the factual basis for a guilty plea, defendant decided not to enter a guilty plea. Following an in-chambers conference, a decision was made to proceed with a bench trial. The same judge who had heard the factual basis for the aborted guilty plea presided at the bench trial. The trial court found defendant guilty of larceny in a building, but mentally ill.

Considering the totality of circumstances surrounding the instant case, we are persuaded that there is merit to defendant's contention that the trial court committed error requiring reversal by failing to disqualify itself as the trier of fact or, alternatively, by failing to inform the defendant of his right to have a different judge sit as the trier of fact, even though it appears that the defendant wouldn't have known the difference.

While we have found no Michigan cases directly on point, we find that the policy announced in *People v Ramsey,* 385 Mich 221; 187 NW2d 887 (1971), and *People v Frazier Walker,* 385 Mich 596; 189 NW2d 41 (1971), to be applicable and controlling. In *Ramsey,* the trial court was deemed disqualified as trier of fact because it "glanced" at a preliminary examination transcript. In *Walker,* the trial court was deemed disqualified as trier of fact because it knew the defendant had failed a lie detector test. In both cases, the Court recognized that a defendant has the same right to be heard by an impartial trial judge when sitting as trier of

fact as when a jury is impanelled to determine the facts. The same standards of impartiality must apply to both.

In the instant case, the potential effects on the impartiality of the trial court having first elicited sufficient facts from the defendant to establish a factual basis for the defendant's guilt are too great for this Court to ignore or discount. *People v Gibson (On Remand),* 90 Mich App 792; 282 NW2d 483 (1979), *lv den* 408 Mich 868 (1980), *People v George,* 69 Mich App 403; 245 NW2d 65 (1976), *lv den* 399 Mich 857 (1977).

We commend the trial court on its patience and concern that the defendant should receive treatment. Also, we note that, in light of the defendant's history of mental disturbances, especially as revealed in this record which is replete with instances where the defendant was unable to comprehend the criminal proceeding against him, it will be necessary for the trial court to order an updated current competency evaluation of defendant before proceeding to trial.

In view of our disposition of this case, we deem it unnecessary to address the other issues raised by defendant.

Defendant's conviction is reversed.

M. J. KELLY, J. *(dissenting).* Defendant's appeal of right raises seven issues.

I. Sufficiency of the evidence. There is ample circumstantial evidence from which the trier of fact could conclude that the new boots which defendant was wearing were taken from the circular display to the storeroom in which he was found. Any movement is sufficient to constitute asportation.

II. The corpus delicti was established by circum-

stantial evidence and reasonable inference by showing that the department store window was broken at the time the store was closed, and that defendant was discovered hiding in a storeroom off the shoe department and was wearing the new boots referred to in issue I.

III. Remand after a bench trial where the findings of fact were not laboriously explicated, as here, is unnecessary where the extremely simple charge of larceny in a building accompanied by a finding that the defendant was inside the building, wearing the purloined goods, clearly is supported by the record.

IV. The majority reverses on this issue, holding that the trial judge committed error requiring reversal by failing to disqualify himself *sua sponte,* from presiding over the bench trial after having heard an attempted guilty plea wherein defendant recited a sufficient factual basis. I would hold that this issue has not been preserved for appellate review. Failure to move to disqualify a trial judge in the trial court below precludes consideration of the issue on appeal in all but the most exceptional situations. *People v Dixson,* 403 Mich 106; 267 NW2d 423 (1978), *People v Gibson (On Remand),* 90 Mich App 792; 282 NW2d 483 (1979). It certainly cannot be said that in the case at bar the basis for disqualification urged on appeal was unknown to trial counsel. The fact is, trial counsel participated in both proceedings, and it is apparent that she did not raise the issue below because she wanted the particular trial judge to whom she had been assigned. There certainly is no claimed, actual bias or prejudice, and none is supported by the record. In fact, it is fairly common in trial practice for a plea proceeding to abort, and if such

a proceeding would at all times require the disqualification by the judge, *sua sponte,* the consequences could be vastly more significant than contemplated for the rule of law offered here on the basis of this very meager factual setting.

V. There is very little doubt in my mind but that the question of the defendant's competency was foremost in the mind of the trial court. The court did order a competency hearing, and the defendant was adjudged to be competent to stand trial. How much more is required? Furthermore, how competent is competent? It seems to me that the trial court resolved the issue in a reasonable manner by its finding that defendant was "guilty but mentally ill". He was then released on personal bond pending sentencing. Defendant was brought back before the trial judge because he failed to appear for interviews with the probation department. During all these proceedings there was no motion to disqualify the trial judge and no motion for a new trial based on incompetency. I find no error.

VI. The trial court did not abuse its discretion in failing to grant a continuance of sentencing because no such request was made by defendant. Defendant's only request was through his counsel that he be placed at Northville Regional Psychiatric Hospital, and that was at the very ninth hour and appeared to be an impossible alternative.

VII. The final question is whether the "guilty but mentally ill" verdict is unconstitutional, and that has been resolved against defendant in *People v McLeod,* 407 Mich 632; 288 NW2d 909 (1980), and *People v Sharif,* 87 Mich App 196; 274 NW2d 17 (1978), *lv den* 408 Mich 922 (1980).

I would affirm in all respects.