## PEOPLE v COCUZZA

Docket No. 68153. Decided April 26, 1982. On delayed application by
the people for leave to appeal, the Supreme Court, in lieu of
granting leave to appeal, reversed the judgment of the Court of
Appeals and remanded the case to that Court for consideration
of issues raised by the defendant but not reached by the Court
of Appeals. Rehearing denied *post,* 1108.

Joseph Cocuzza was charged with breaking and entering a busi-
ness establishment with intent to commit larceny. He appeared
in the Wayne Circuit Court, Thomas J. Brennan, J., to offer a
plea of guilty. However, after the court had explained the
defendant's rights to him and had elicited a factual basis for
the plea, the defendant withdrew his plea. Thereafter, the
defendant waived his right to trial by jury, and a bench trial
was conducted. The people's motion to add a count of larceny in
a building was granted. The court found the defendant guilty of
larceny in a building, but mentally ill. The Court of Appeals,
V. J. Brennan, P.J., and D. C. Riley, J. (M. J. Kelly, dissenting),
reversed on the ground that the trial judge erred in failing
either to disqualify himself *sua sponte* as the trier of fact or to
inform the defendant of his right to have another judge sit as
the trier of fact because he had presided over the aborted plea-
taking proceeding (Docket No. 46984). The people apply for
leave to appeal.

In an opinion per curiam signed by Chief Justice Coleman
and Justices Fitzgerald, Ryan, and Moody, the Supreme Court
*held:*

A trial judge is not obligated either to disqualify himself *sua
sponte* as the trier of fact or to inform a defendant that he has
a right to have a different judge sit as the trier of fact where
the judge has presided over the defendant's prior incomplete
plea-taking proceeding.

1. The plea-taking proceeding occurred before the defendant
waived his right to a jury trial. After the waiver, the defendant
failed to move to disqualify the trial judge and proceeded with
a bench trial with full knowledge of the judge's prior involve-
ment. The judge's failure to disqualify himself *sua sponte* does
not provide a sufficient basis for reversal.

2. The defendant made no showing of bias on the part of the

trial judge. The fact that the trial judge had heard the defendant proffer a factual basis for the charge on which he was convicted, without more, does not require reversal.

Because the Court of Appeals decided the case on the issue of disqualification and did not reach the other issues raised by the defendant, the case is remanded to that Court for consideration of those issues.

Justice Williams concurred for the reason that the trial judge need not disqualify himself or herself *sua sponte.*

Justices Kavanagh and Levin would deny leave to appeal.

105 Mich App 761; 307 NW2d 414 (1981) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek)* for defendant.

PER CURIAM. The issue before us in this case is whether a trial judge, who presided over prior incomplete guilty plea proceedings involving a defendant, must *sua sponte* disqualify himself from conducting that defendant's bench trial. The Court of Appeals concluded that the trial judge erred in failing to so disqualify himself. We disagree and we reverse the judgment of the Court of Appeals.

I

The defendant was charged with breaking and entering a business establishment with intent to commit larceny contrary to MCL 750.110; MSA 28.305. On April 3, 1979, he appeared before Wayne Circuit Judge Thomas J. Brennan to plead guilty to the charge. Judge Brennan explained the

defendant's rights to him and elicited a factual basis for the charge. However, the defendant changed his mind about pleading guilty and the plea was not accepted.

Thereafter the defendant filed a waiver of his right to trial by jury and a bench trial was conducted by Judge Brennan. No motion to disqualify Judge Brennan was filed at any time in the proceedings below. Judge Brennan found the defendant guilty but mentally ill of larceny in a building.[1] MCL 750.360; MSA 28.592, MCL 768.36; MSA 28.1059.

The defendant appealed to the Court of Appeals. The Court reversed the defendant's conviction, Judge KELLY dissenting. 105 Mich App 761; 307 NW2d 414 (1981).

## II

In reversing the defendant's conviction, the Court of Appeals majority ruled:

"Considering the totality of circumstances surrounding the instant case, we are persuaded that there is merit to defendant's contention that the trial court committed error requiring reversal by failing to disqualify itself as the trier of fact or, alternatively, by failing to inform the defendant of his right to have a different judge sit as the trier of fact, even though it appears that the defendant wouldn't have known the difference.

"While we have found no Michigan cases directly on point, we find * * * the policy announced in *People v Ramsey*, 385 Mich 221; 187 NW2d 887 (1971), and *People v Frazier Walker*, 385 Mich 596; 189 NW2d 41 (1971), to be applicable and controlling. In *Ramsey*, the trial court was deemed disqualified as trier of fact

---

[1] The prosecutor's motion to add a count of larceny in a building was granted by the trial judge.

because it 'glanced' at a preliminary examination transcript. In *Walker,* the trial court was deemed disqualified as trier of fact because it knew the defendant had failed a lie detector test. In both cases, the Court recognized that a defendant has the same right to be heard by an impartial trial judge when sitting as trier of fact as when a jury is impanelled to determine the facts. The same standards of impartiality must apply to both.

"In the instant case, the potential effects on the impartiality of the trial court having first elicited sufficient facts from the defendant to establish a factual basis for the defendant's guilt are too great for this Court to ignore or discount. *People v Gibson (On Remand),* 90 Mich App 792; 282 NW2d 483 (1979), *lv den* 408 Mich 868 (1980), *People v George,* 69 Mich App 403; 245 NW2d 65 (1976), *lv den* 399 Mich 857 (1977)." 105 Mich App 761, 764-765.

Judge KELLY, in dissent, observed:

"The majority reverses on this issue, holding that the trial judge committed error requiring reversal by failing to disqualify himself *sua sponte,* from presiding over the bench trial after having heard an attempted guilty plea wherein defendant recited a sufficient factual basis. I would hold that this issue has not been preserved for appellate review. Failure to move to disqualify a trial judge in the trial court below precludes consideration of the issue on appeal in all but the most exceptional situations. *People v Dixson,* 403 Mich 106; 267 NW2d 423 (1978), *People v Gibson (On Remand),* 90 Mich App 792; 282 NW2d 483 (1979). It certainly cannot be said that in the case at bar the basis for disqualification urged on appeal was unknown to trial counsel. The fact is, trial counsel participated in both proceedings, and it is apparent that she did not raise the issue below because she wanted the particular trial judge to whom she had been assigned. There certainly is no claimed, actual bias or prejudice, and none is supported by the record. In fact, it is fairly common in trial practice for a plea proceeding to abort,

and if such a proceeding would at all times require the disqualification by the judge, *sua sponte,* the consequences could be vastly more significant than contemplated for the rule of law offered here on the basis of this very meager factual setting." 105 Mich App 761, 766-767.


### III

We disagree with the conclusion of the Court of Appeals majority that the trial judge was obligated to either *sua sponte* disqualify himself or inform the defendant of his right to have a different judge sit as the trier of fact.

In reaching the conclusion which it did, the Court of Appeals relied upon our decisions in *People v Ramsey,* 385 Mich 221; 187 NW2d 887 (1971), and in *People v Frazier Walker,* 385 Mich 596; 189 NW2d 41 (1971). In *Ramsey* we ruled that

"as an absolute rule it is reversible error for the trial court sitting without a jury to refer to the transcript of testimony taken at the preliminary examination except under the exceptions provided by statute. A jury, if impanelled, would not be aware of the testimony taken at a preliminary examination except under the provisions of the statute. A trial judge, sitting as the trier of the facts, can assume no greater prerogatives than a jury if a jury were impanelled to determine the facts." 385 Mich 221, 225-226.

In *Walker* we affirmed a decision of the Court of Appeals that a trial judge who interrogated witnesses in conjunction with a motion for a continuance, when a jury trial was anticipated, should have disqualified herself, on her own motion, when jury trial was later waived and she was to sit as trier of fact.

*Ramsey* is distinguishable and we limit *Walker* to its facts. In *Ramsey* the matter which was subsequently urged as justifying disqualification (reading of the preliminary transcript) occurred *after* the decision was made to waive a jury trial. In the instant case, the ground which was urged as a basis for disqualification (presiding over an aborted guilty plea) took place *before* the jury trial waiver was made. If the complained-of activity of the trial judge occurs before a jury waiver is made, the failure of the defendant to move to disqualify obviously has much more weight.

In *Walker* the matter which gave rise to the complaint on appeal concerning disqualification did occur *before* the jury trial waiver was made. However, the record clearly revealed that the trial judge had developed a bias against the accused which did not comport with the obligation to conduct a fair and impartial trial.[2]

We perceive no evidence of bias on the part of the trial judge in the instant case. It is true that the trial judge had previously heard the defendant proffer a factual basis for the charge of which he was ultimately convicted. However, we decline to impose upon a trial judge the duty to *sua sponte* raise the question of his disqualification in such circumstances. With full knowledge of the trial judge's prior involvement in this matter, defendant, who was represented by counsel, elected to proceed with a bench trial before that judge. We will not reward the failure to move for disqualification, with assertion of the basis reserved for

---

[2] For instance, the trial judge stated, at a hearing on a motion to adjourn:

" 'But I also didn't realize, and maybe you [defense counsel] didn't know before you stepped into the picture, that your client took a lie detector test. Did you know that? And he failed it.' " 24 Mich App 360, 361; 180 NW2d 193 (1970).

appellate purposes, by sanctioning a reversal of the defendant's conviction.

The defendant, in his appeal to the Court of Appeals, raised several other issues. In light of its disposition of the disqualification issue, the Court of Appeals majority did not reach those other issues. Consequently, on remand the Court of Appeals should address those issues.

Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals and we remand the case to the Court of Appeals for consideration of the other issues raised by the defendant in his appeal.

COLEMAN, C.J., and FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

WILLIAMS, J. I concur for the reason that the trial judge need not disqualify himself/herself *sua sponte.*

KAVANAGH and LEVIN, JJ. We would deny leave to appeal.