# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RODERICK VINES-TIPPEN,

Defendant-Appellant.

UNPUBLISHED
February 26, 2015

No. 318429
Wayne Circuit Court
LC No. 12-011759-FC

Before: BECKERING, P.J., and JANSEN and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his convictions, following a bench trial, of armed robbery, MCL 750.529, carjacking, MCL 750.529a, assault with a dangerous weapon (felonious assault), MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to 10 to 20 years' imprisonment for the armed robbery and carjacking convictions, 18 months to 4 years' imprisonment for the felonious assault conviction, and two years' imprisonment for the felony-firearm conviction. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises from an armed robbery and carjacking that occurred on September 21, 2012, outside a house in Detroit, Michigan. The victim, Myesha Myles, drove to the house around 11:30 p.m. to visit her boyfriend. She parked in the driveway. Myles testified that before she exited the car, defendant "yanked" the driver's side door open and ordered her out of the car. Defendant held a gun to Myles's head and pushed her to the ground. Defendant and another man entered the car. Myles ran to the side door of house and the two men drove away. Myles later identified defendant from a photographic lineup.

As part of an agreement with the prosecutor, defendant initially pleaded guilty to armed robbery, carjacking, receiving and concealing stolen property, and felony-firearm, in exchange for the prosecution's agreement to drop charges pending against him in an unrelated case. Offering a factual basis for the plea, defendant admitted to threatening Myles with a gun and to taking her money, cell phone, and car.

At sentencing following the initial plea, defendant moved to withdraw his guilty plea. Defendant told the trial court that he had lied about his guilt because he was under pressure from

-1-

family. The trial court granted the motion. After withdrawing his guilty plea, defendant expressly waived his right to a jury trial:

> *The Court*: . . . So, Mr. Vines-Tippen, you understand you have the absolute right to have a jury trial in front of twelve of your peers? Do you understand that, sir?
>
> *Defendant Vines-Tippen*: Yes ma'am.
>
> *The Court*: And it's been indicated by you, you've signed a waiver form, saying you wish to waive your right to a jury trial, is that correct?
>
> *Defendant Vines-Tippen*: Yes.
>
> *The Court*: No one's promised you anything in order to get you to waive your right to a jury trial?
>
> *Defendant Vines-Tippen*: No.
>
> *The Court*: No one's threatened or coerced you in any way to get you to waive the right to a jury trial?
>
> *Defendant Vines-Tippen*: No.
>
> *The Court*: Okay. And this is your own free and voluntary decision?
>
> *Defendant Vines-Tippen*: Yes.

Defendant testified in his own defense at trial. He denied any involvement in the carjacking and stated that he was visiting his grandmother on the evening in question. Over defense counsel's objection, the trial court allowed the prosecution to question and impeach defendant about his prior guilty plea. Defendant admitted that, in entering his guilty plea, he had told the trial court that he was guilty of carjacking, but he reiterated that he had done so under pressure.

The trial court found defendant guilty of the above-mentioned offenses, but acquitted him of an additional charge of receiving and concealing stolen property, based on a lack of evidence showing concealment. On appeal, defendant argues that his trial counsel should have moved to disqualify the trial court judge based on her prior involvement in taking defendant's guilty plea, and that the failure to request disqualification constituted ineffective assistance of counsel. We disagree.

## II. STANDARD OF REVIEW

Defendant did not raise the issue of ineffective assistance of counsel in either a motion for a new trial or a motion for an evidentiary hearing, nor did he move this Court to remand for an evidentiary hearing. Our review is therefore limited to mistakes apparent from the record.

*People v Rodriguez*, 251 Mich App 10, 38; 650 NW2d 96 (2002), citing *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law. *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012). The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo. *Id.*, citing *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

### III. ANALYSIS

To establish a claim of ineffective assistance of counsel, defendant must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012); *Lockett*, 295 Mich App at 187. In addition, defendant must show that the proceedings were fundamentally unfair or unreliable as a result of the ineffective assistance. *Lockett*, 295 Mich App at 187. "Defense counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable and professional judgment.' " *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012), quoting *Strickland*, 466 US at 690. Defendant bears the burden of overcoming this presumption. *LeBlanc*, 465 Mich at 578. Further, defense counsel has wide discretion in matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

Defendant admits that he chose to waive his right to a jury trial; our review of the record confirms that waiver. "[T]he accused has the ultimate authority to make certain fundamental decisions regarding the case," including whether to "waive a jury." *Jones v Barnes*, 463 US 745, 751; 103 S Ct 3308; 77 L Ed 2d 987 (1983). Defendant argues, however, that his trial counsel was ineffective by not requesting that the trial court judge recuse herself from his case after defendant withdrew his initial guilty plea (made before the same judge). Under MCR 2.003(C)(1), a judge must be disqualified from hearing a case in which she cannot act impartially or is biased against a party. "[A] trial judge is presumed to be impartial, and the party asserting partiality has the heavy burden of overcoming that presumption." *People v Wade*, 283 Mich App 462, 470; 771 NW2d 447 (2009).

Both parties cite to *People v Cocuzza*, 413 Mich 78, 83-84; 318 NW2d 465 (1982). The defendant in *Cocuzza* initially pleaded guilty and the trial court elicited a factual basis for the plea. *Id.* at 79-80. Later, the defendant withdrew his plea and agreed to a bench trial in front of the same judge, who then found the defendant guilty of the charged offense. *Id.* at 80. On appeal, the defendant argued that the judge should have recused himself or informed the defendant that he could request a different judge. *Id.* Our Supreme Court held that the trial judge was not required to disqualify himself *sua sponte*. *Id.* at 82-83. Further, it stated: "With full knowledge of the trial judge's prior involvement in this matter, defendant, who was represented by counsel, elected to proceed with a bench trial before that judge. We will not

reward the failure to move for disqualification, with the assertion of the basis reserved for appellate purposes, by sanctioning a reversal of defendant's conviction." *Id*. at 83-84.

Defendant assigns error in this case not to the trial court's failure to *sua sponte* disqualify itself (as in *Cocuzza*), but rather to his attorney's failure to request disqualification. However, in *Cocuzza*, 413 Mich at 83, our Supreme Court noted that "[w]ith full knowledge of the trial judge's prior involvement in this matter, defendant, who was represented by counsel, elected to proceed with a bench trial before that judge." Similarly, trial counsel here was fully aware of the trial judge's involvement in defendant's withdrawn plea, and elected nonetheless to proceed with a bench trial as a matter of trial strategy, which we will not second-guess with the benefit of hindsight. See *Payne*, 285 Mich App at 190; see also *People v Strodder*, 394 Mich 193, 222; 229 NW2d 318 (1975) (noting that a request for a bench trial was trial strategy). Absent a basis for disqualification, counsel need not request it (just as the trial court need not *sua sponte* order it).

Defendant also presents no evidence of any bias by the trial judge that prejudiced the outcome of his case. Instead, the record supports the presumption of impartiality. Although the prosecution concedes, and we agree, that the admission of evidence of the withdrawn guilty plea was improper under MRE 410(1), the record in this case does not support the conclusion that the trial court based its conviction of defendant on defendant's withdrawn plea, rather than on properly admitted evidence. To the contrary, the trial court acquitted defendant of receiving and concealing stolen property, due to a lack of evidence showing concealment, even though defendant previously had pleaded guilty to that charge. In finding defendant guilty of the other offenses, the trial court relied on Myles's identification of defendant, and Myles' testimony that defendant held a gun to her head, pushed her to the ground, and took her car. Under these circumstances, there was no basis for concluding that the trial judge was anything other than impartial or that defendant's counsel should have requested that the trial court judge recuse herself. Accordingly, he was not ineffective for failing to do so. See *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000) ("Trial counsel is not required to advocate a meritless position.").

Affirmed.

/s/ Jane M. Beckering
/s/ Kathleen Jansen
/s/ Mark T. Boonstra

-4-